MILLER & CHENEY, Appellants, v. ORVILLE JAMES, Sheriff, Appellee.

1. Practice: INTRODUCTION OF EVIDENCE: ERROR WITHOUT PREJUDICE. Error in the exclusion of testimony by the trial court will be deemed upon appeal to have been without prejudice to the party offering the same where such evidence was permitted to be introduced in the subsequent course of the trial.

2. ———: ———: ———. The admission of secondary evidence of a fact is without prejudice where the best evidence of such fact is also introduced, and it appears from the record that as to such fact there is no real controversy.

3. Replevin: INTEREST OF ATTACHING CREDITOR: EVIDENCE. In an action to recover specific personal property taken under a writ of attachment, the record of the judgment recovered against the attachment defendant is competent evidence against the plaintiff in replevin as fixing the extent of the interest of the attaching creditor in the property in controversy.

4. ———: VALUE OF PROPERTY: EVIDENCE. No evidence having been introduced showing the value of the property replevied, *held*, that the value alleged in the petition might be taken as fixing such value as against the plaintiff, although such allegation was denied in the answer.

5. Instructions to Jury: CONSTRUCTION. Error cannot be predicated upon the faults of a single paragraph of the instructions to a jury when the charge taken as a whole correctly presents the law of the case.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 11, 1892.

ACTION to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment in favor of the defendant. The plaintiffs appeal.—*Affirmed.*

*C. A. Irwin*, for appellants.

*I. W. Bane*, for appellee.

ROBINSON, C. J.—On the twentieth day of January, 1891, the defendant, having in his hands for service a writ of attachment, issued at the suit of W. H. Stott against the property of James A. Smith, levied it upon certain personal property as the property of Smith. This action was brought to recover possession of the property so levied upon, and, under an order issued for that purpose, all the property was delivered to the plaintiffs, excepting two horses and one colt, which constitute the property now in controversy. This property had at one time been owned by Smith, but one week before the levy in question he sold it to the plaintiffs. The defendant contends that there was no actual change of possession of the property under the sale, and that the levy was made without actual or constructive notice of it.

I. Complaint is made that D. C. Miller, who is a member of the plaintiff firm, was not permitted to testify in regard to the knowledge of the sale of the property which Stott had at the time of the levy. If at any time he was refused permission to testify as to that knowledge, a matter which the record leaves in doubt, no prejudice resulted from the refusal, for the reason that he was afterwards examined at length in regard to Stott's knowledge of the sale before the levy of his writ.

1. PRACTICE: introduction of evidence: error without prejudice.

II. Stott was produced as a witness for the defendant. The appellants contend that the court erred in sustaining certain objections to his testimony made on cross-examination. An additional abstract filed by the appellee shows that the witness was fully cross-examined in regard to the matters to which the objections were made, and it is not shown that any of the answers given were excluded; therefore prejudice could not have resulted from the rulings in question.

III. The appellants claim that the defendant was permitted to testify that he levied the writ upon the

2. —: —: —.  property in question, on the ground that
the only competent evidence of the levy
was the writ and the return thereon.  It appears that
both the writ and return were introduced in evidence,
and that there was no real controversy in regard to the
fact of the levy.  We conclude that the ruling in
question, if erroneous, was without prejudice.

IV.  The defendant introduced in evidence the
record of the judgment rendered in the case of *Stott v.*
3. REPLEVIN: in-  *Smith* on the tenth day of March, 1891, in
terest of at-  favor of Stott, for fifty-nine dollars and
taching cred-
itor: evidence.  ninety-six cents debt, an attorney's fee of
five dollars and fifty-nine cents, and twenty dollars and
twenty cents costs.  The appellants contend that in this
there was error, for the reason that, if the defendant is
entitled to recover, the measure of recovery is the
value of his interest in the property at the time of the
levy, and that the judgment subsequently rendered
would not be competent evidence of the amount or
value of that interest.  We do not think this claim is
well founded.  The interest of the attaching creditor
at the time of the levy was not merely what would
have discharged his claim had it then been paid, but
the right to have the property held and appropriated
to the satisfaction of the judgment he should thereafter
obtain, and the costs, if any should accrue under execu-
tion issued to enforce it.  In this case the best evidence
of the value of that right, which was less than that of
the property in controversy, was the judgment rendered
in the prosecution of the suit, and the fact that the
plaintiffs were not parties to that action does not render
the judgment incompetent as evidence against them.
It was the final adjudication, by a competent tribunal,
of the amount which the attaching creditor had a right
to recover.  The plaintiffs had interfered with the
process of the court while the action was pending, and
are bound by the adjudication, so far as it fixes the

amount which the creditor was entitled to recover.

V.   It is said there was no evidence from which the jury could determine the value of the property in controversy.   We find no testimony as to its value, but the petition alleges it to be of the aggregate value of two hundred and fifteen dollars, and the verdict fixed the value of the defendant's interest at the sum of eighty-six dollars and sixty-five cents.   It is true the answer denies the allegation of value contained in the petition, but it was properly treated as an admission of value, as against the plaintiffs.   They cannot complain because their statements are taken as true, and the defendant is satisfied to have them so treated.

4. ——: value of property: evidence.

VI.   The appellants insist that the fifth paragraph of the charge was erroneous, in that it withdrew from the jury the question whether the property was in possession of the vendor at the time of the sale, and that it placed upon the plaintiffs the burden of proving that there was a delivery, or that the attaching creditor had notice of the sale.   The charge must be construed as an entirety, and, when so treated, the paragraph in question is not vulnerable to the objections made, especially in the absence of a request for more specific instructions. The paragraph was not erroneous, as applied to the facts in this case.

5. INSTRUCTIONS to jury: construction.

VII.   Counsel for appellants discusses other questions which need not be set out at length.   It is sufficient to say that we have examined them, and discover no reason for reversing the judgment of the district court.   There was a conflict in the evidence in regard to material issues, and the jury might well have returned a verdict for the plaintiffs.   But they found that the preponderance of the evidence was on the side of the defendant, and we are of the opinion that the evidence is sufficient to sustain the verdict.   AFFIRMED.