Holloran *v.* Morman.

## HOLLORAN *v.* MORMAN.

[No. 3,379. Filed March 8, 1901. Rehearing denied June 5, 1901.] Petition to transfer denied October 1, 1901.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Improvement by Abutting Owner.—Rebate.*—Where, before the letting of the contract for the improvement of a street, an abutting property owner had made improvements in accordance with the plans afterwards adopted by the city, it is proper, under §4291, Burns 1894, to allow such abutting owner a rebate for the improvements so made by him. *pp. 313, 314.*

SAME.—*Street Improvements.—Deviation from Contract Plans.*— Where one who contracts to make certain street improvements is prevented from a strict compliance with the contract, by an order of the city council and a decree of the federal court, but no material harm resulted to the abutting landowner, the proceedings are not vitiated. *p. 314.*

SAME.—*Street Improvements.—Acceptance by City, when Binding on Property Owner.*—Where street improvements are completed by a contractor, and, in the statutory manner accepted by the city council, a property owner is bound by assessments for such improvements, even though the work was not done in substantial compliance with the ordinance and contract, except where fraud is shown. *pp. 314-316.*

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Michael Holloran against Daniel Morman. From a judgment for defendant, plaintiff appeals. *Reversed.*

Holloran *v.* Morman.

*W. Booth* and *R. B. Beauchamp,* for appellant.
*W. V. Rooker, C. T. Hanna* and *T. A. Daily,* for appellee.

WILEY, J.—This cause was commenced in the Hamilton Circuit Court and venued to the Tipton Circuit Court. It was an action to enforce an assessment for street improvements. The court made a special finding of facts and stated its conclusions of law thereon. Appellant excepted to the conclusions of law, and this is the only question discussed.

An abstract of the special findings shows the following facts: That the assessment sought to be enforced was for an improvement of a part of Eighth street in the city of Noblesville; that said street was improved under a resolution of the common council, which was unanimously adopted, which resolution specified the nature and character of the improvement; that the city engineer, under the order of the common council, prepared a profile, plans, and specifications for the improvement, which were, upon presentation, adopted; that the common council thereupon appointed an improvement committee of three of its members; that notice was given according to law; that a committee was appointed to hear objections; that said committee reported that no objections that were well taken had been filed; that the city engineer was ordered to give notice to contractors; that such notice was given and published; that subsequently the common council and the improvement committee met to receive and open sealed bids for the improvement; that the contract for the improvement was awarded to appellant; that appellant filed an acceptable bond, conditioned to do the work according to the plans, etc.; that appellant thereupon entered into a written contract whereby he agreed to do the work as provided by the plans, specifications, etc.; that appellant completed said improvement; that the improvement committee reported to the common council that the work had been completed, and thereupon the city civil engineer was instructed to make the final report and estimate, which he did; that notice was duly given of the time and place when and

where said committee would meet to hear objections to the final report; that pursuant to said notice the common council and said committee met at the time and place designated to hear objections to the final report and estimate; that appellee and others appeared and made objections to the final report and estimate, claiming that he was entitled to the rebate of $1.14 allowed property owners on the west side of said street; that appellee's objections were not sustained, and said final report was approved and the assessments confirmed; that by said final estimate there was assessed against certain lots owned by appellee, abutting on said street, certain specified amounts; that said assessments were placed upon the tax duplicate and declared to be payable in ten annual payments, with semiannual interest at six per cent.; that the total assessment against appellee's lots was $959.48; that appellee never signed any waiver or agreement to have his assessment payable in instalments; that no bond or certificate had been issued for said assessment against appellee's real estate; that subsequently appellee paid to appellant on said assessment $794.75; that the balance of said assessment, $183.86, with interest, remains unpaid; that a reasonable attorney fee for appellant's attorney is $86; that on September 22, 1894, a bill of injunction was filed in the United States District Court of Indiana in which the Lake Erie and Western Railroad Co. was complainant and the city of Noblesville and appellant were defendants, to restrain the carrying out of the contract of improvement, etc.; that the parties defendant appeared to said action and filed an answer; that subsequently an agreement of compromise was made and entered of record in said cause, upon which agreement a decree was entered. By that agreement the city and appellant were to be allowed to proceed with the work of improvement according to the plans from the north line of Logan street to the south line of Hannibal street; that said railroad company was to lower its tracks for said distance to conform to the grade; that it was also to plank on

the outside of each rail along the length of the improvement as specified so as to connect with the improvement and ballast between the rails with gravel or broken stone; that the city should improve Eighth street south of Hannibal street to the line of the station property of the railroad, continuing thence to Vine street; that said city was to improve the street on the east side of track; that the city should not improve said street west of the main tracks of the railroad between Hannibal and Vine streets.    The court further found that the width of said improvement was forty feet, and the total length 2,072 feet, and that the total cost was $12,707.13; that the bed and track of the Lake Erie and Western Railroad are laid out over said street the full length of the same, and are eight feet and six inches wide; that said railroad company is the owner of 375 feet of ground abutting up to said street along the south end of the same on the west side thereof; that there is a street sixty-six feet wide running east and west dividing said ground; that another street forty-seven and one-half feet wide also divides the ground; that at the south end of the street improved, the railroad tracks lay on the west side of the street, within five feet of the sidewalk and ground owned by the railroad, and from that point going north to a point along said railroad's property a distance of 488 1-2 feet the track lays within three feet of the sidewalk; that such strip of ground, commencing at the south end of said street, is five feet wide, and gradually narrows to the north for a distance of 396 feet, at which point it is only three feet wide; that this strip was left unimproved by direction of the common council by reason of the settlement and decree in the United States District Court; that the possession and ownership of said strip of ground was in dispute, and was claimed by said railroad; that said railroad had its depot located thereon and its platform extended to its line of road 200 feet covering said strip at the north end thereof; that the balance of the south end of the strip is used mostly for railroad switches and travel to

the depot; that on account of said strip being left unimproved, said railroad received a credit therefor of $1.14 per lineal foot, as shown in the final report and estimate. That another strip of ground on the west side of said street was not improved by appellant. Such strip commenced at the north end of the strip just described, where it was three feet wide and extends north for a distance of about 192 feet, where it is only one foot wide; that said strip is partly covered by railroad tracks, and had been improved by the city and property owners adjacent, according to the plans and specifications; that said property owners were W. N. Evans and L. Hinkle, and on account of the improvement so made by them they were allowed a credit of $1.14 per lineal foot on the assessments against their property. That in the performance of said contract and by reason of said compromise, 675 feet of curbing were left out, and that all of said omitted work was of the value of $366. That appellee's property is located on the east side of the street improved opposite the property of said railroad, and during the progress of said work he was present at various times and made no objection thereto.

Upon these facts the court concluded that the law was with the appellee, and so stated. It is plainly disclosed by the record that appellee successfully defended upon two grounds: (1) That the street was not completed in substantial conformance to the plans and specifications and the terms of the contract, and (2) that as to the abutting property owners, a rebate ·on their respective assessments was allowed, and hence the abutting property was not assessed ratably. As to a rebate of $1.14 per lineal foot allowed Evans and Hinkle on account of the improvements made by them to the street in front of their property, and which improvements were made in substantial conformity to the plans and specifications, we think is fully settled by statute. The statute provides that when a property owner, before the letting of the contract shall have made any improvement in

front of his lot in accordance with the general plan for the improvement, he shall be entitled to a reasonable allowance therefor upon his proportion of the cost of such improvement, which reasonable allowance shall be determined by the engineer. §429 Burns 1894. The statute effectually disposes of the question of rebate to the two individual lot owners named. The findings show that the rebate was allowed on account of improvements previously made, and in conformity to the statute.

We will next consider the question raised and relied upon by appellee growing out of the unfinished condition of the street on the west side opposite appellee's property. It is shown by the special findings that the Lake Erie and Western Railroad Company owned a narrow strip of ground on the west side of the street nearly four hundred feet long. This strip of ground at the south end is five feet wide, and tapers to the north end of the last described strip, where it is three feet wide, running thence north for 192 feet to a point where it is only one foot wide. The west side of the street is partly occupied by railroad tracks, said tracks occupying a part of the strips of ground described, and being within five feet of the sidewalk. It is also found that the common council directed that a certain portion of the west side of the street west of the main track occupied by side-tracks be left unimproved, on account of a compromise agreement growing out of an injunction suit in the federal court, and the order of such court entered therein; and that by reason of such facts the railroad company was allowed a rebate of $1.14 per lineal foot. It is also found that a part of the street was occupied by the railroad company as a depot and station grounds.

Do these facts show such a departure from the plans and specifications as to vitiate any part of the assessment made against appellee's property? If so, it would in the same manner vitiate a proportionate per cent. of all other assessments. We do not think it does, when all the facts are con-

sidered. The principle involved here was settled in the case of *Lake Erie, etc., R. Co.* v. *Walters,* 13 Ind. App. 275. There the city of Kokomo entered into a contract with appellee to improve a certain street. Subsequently the railroad constructed a switch in the street with the consent of the city, which rendered strict compliance with the contract of improvement impossible. It was held that the contractor could recover upon assessments for benefits for work and material expended in executing the contract, so far as it was possible, under the circumstances. In this case appellant was prevented from a strict compliance with his contract by the direction of the city council and a decree of the federal court. He furnished material and did the work in good faith.

In his work on Roads and Streets, Judge Elliott lays down the rule that a deviation from the plans or contract will not vitiate the proceedings unless it does the landowner some material harm. Elliott on Roads and St., §382. In this instance we are unable to see how any material harm resulted to appellee.

But there is another principle involved in this appeal, which is firmly settled in this State. It is found that the contractor completed the improvement; that it was so reported to the city council; that the council accepted the work as completed; that a final estimate was ordered, made and approved, and that notice of the time and place was given, when and where property owners affected could appear and make objections. In such case, the property owner is bound by the assessments even though the work was not done in substantial compliance with the ordinance and contract, except where fraud is shown. In the case of *Bozarth* v. *McGillicuddy,* 19 Ind. App. 26, it was held that when the work under such contract has been accepted by those authorized to pass upon it, no defense but that of fraud can be interposed by a property owner in a suit to enforce the lien of assessment. In the case of *Green* v. *Shanklin,* 24 Ind.

App. 608, it was held that in an action to foreclose an assessment lien for the construction of a sewer, a property owner can not raise the question that the work was not performed according to the terms of the contract, where the work was accepted and the assessments made and approved by the common council, except in case of fraud. The two cases last cited fully discuss the question here under consideration and cite many authorities in harmony with the conclusions there reached, and hence we do not deem it necessary to extend the discussion.

Appellant further insists that as appellee stood by during the progress of the improvement and saw and knew what was being done, etc., he is estopped from now asserting this defense. As the judgment must be reversed for the reasons given and final judgment rendered in conformity with the mandate which follows, it is proper to leave that question undecided.

The judgment is reversed, and the court below is directed to restate its conclusions of law and render judgment for appellant for the unpaid balance of appellee's assessment, together with six per cent. interest from the date of the confirmation of the assessment, and $86 for appellant's attorney fees.