Hon. SILAS A. HOLCOMB,
·Hon. SAMUEL H. SEDGWICK, } Judges.

DEPARTMENT No. 1.
Hon. WILLIAM G. HASTINGS,
Hon. CHARLES S. LOBINGIER,*
Hon. JOHN S. KIRKPATRICK,

DEPARTMENT No. 2.
Hon. JOHN B. BARNES,
Hon. WILLIS D. OLDHAM,
Hon. ROSCOE POUND,

} COMMISSIONERS.

DEPARTMENT No. 3.
Hon. EDWARD R. DUFFIE,
Hon. JOHN H. AMES,
Hon. I. L. ALBERT,

---

ELBRIDGE L. RHODES v. EDGAR SAMUELS.

FILED JANUARY 8, 1903.   No. 12,220.

1. **Attachment: Levy: Lien.** When an attachment is rightfully issued and levied upon property of the defendant, it creates a lien in favor of the plaintiff for the amount of his claim and for all costs, whether incident to the action or resulting from the special proceeding.

---

Syllabus by court; catch-words by editor.

*Succeeded George A. Day, whose opinion in *State v. Omaha Nat. Bank*, **66** Nebr., 857, is the first filed during the term.   Before the close of this term the commissioners were rearranged as follows:
Department 1—Hastings, Ames, Oldham.
Department 2—Barnes, Albert, Glanville (succeeded Lobingier).
Department 3—Duffie, Kirkpatrick, Pound.

**7**                    (1)

2. ——: ——: ——: JUSTICE OF THE PEACE: ERROR. An error proceeding from an order of a justice of the peace discharging an attachment preserves and continues the lien of the attachment and brings the ruling of the justice before the district court for review.

3. ——: PENDING ERROR PROCEEDING, JUSTICE MAY TRY CASE: JURISDICTION: COSTS. While the error proceeding is pending the justice may try and determine the action, but he is without jurisdiction or authority to make an order taxing the costs of the attachment to either party.

4. ——: ERROR: REVERSAL: ANCILLARY PROCEEDING: JURISDICTION OF JUSTICE. But when the district court has given its decision, and the order discharging the attachment has been reversed, the justice of the peace is reinvested with complete jurisdiction of the ancillary proceeding, and it is then his right and duty to tax the attachment costs against the unsuccessful party.

5. ——: PAYMENT OF JUDGMENT: EFFECT. Payment of a judgment rendered by a justice of the peace in favor of a party who has prosecuted error from an order discharging an attachment, will not, without payment of attachment costs rightfully incurred, dissolve the lien of the attachment.

6. ——: ERROR PROCEEDING: COSTS. The costs of the error proceeding, like other costs incident to the litigation, are secured by the attachment lien, and the attached property may be sold to satisfy the same.

7. Error: JUSTICE: ATTACHMENT: POWER OF DISTRICT COURT. In an error proceeding from an order of a justice of the peace discharging an attachment, the only judgment which the district court is authorized to render and enforce is a judgment affirming or reversing the order of the justice and taxing the costs incident to such proceeding.

8. Error from Justice: DISPOSAL OF CAUSE AFTER REVERSAL. Section 601 of the Code of Civil Procedure, which declares that when the judgment of a justice of the peace shall be reversed the cause shall be retained in the district court for trial, has reference only to cases which have been entirely disposed of by final order or judgment, and which may be again tried and determined.

ERROR from the district court for Butler county. Action for money due on contract. Ancillary proceeding in attachment; attachment discharged. Further history of

case appears in the opinion.    Tried below before SORN-
BORGER, J.   *Reversed.*

*L. S. Hastings* and *E. G. Hall,* for plaintiff in error.

*E. W. Hale, contra.*

SULLIVAN, C. J.

In an action brought before a justice of the peace to re-
cover money due upon contract, the plaintiff, Rhodes,
caused an attachment to be issued and levied upon two
horses and a buggy owned by the defendant, Samuels.
Afterwards, on defendant's motion, the justice made an
order discharging the attachment.   The plaintiff excepted
to the order, and by proceeding in the manner indicated by
section 236e, Code of Civil Procedure, secured a reversal
of it in the district court.   Meanwhile the action was tried
before the justice of the peace, and judgment rendered in
favor of the plaintiff for $26.05 and all costs except those
made in the ancillary proceeding.   This judgment was paid
on the day it was rendered.   The further history of the
case is found in the journal of the district court, and is as
follows:

"And now on this 28th day of June, 1901, the same being
a day of the regular May, 1901, term of the district court
for Butler county, Nebraska, this cause came on for hear-
ing on the application of the plaintiff in error for an order
to sell the attached property to pay costs of this suit and
costs of keeping said attached property, the court, on con-
sideration, overrules the same; to which ruling of the court
the plaintiff in error duly excepts.   And said cause com-
ing for further hearing this day upon the motion of the
plaintiff in error that the attached property be sold to pay
costs of this proceeding in error, and the court, being well
and fully advised in the premises, overrules the same;
to which ruling of the court the said plaintiff in error
duly excepts.   And the said plaintiff in error not desiring
to plead further in said cause, and electing to stand upon

his application and motion aforesaid, the court, on consideration, finds for the defendant in error and that plaintiff in error has no cause of action; and the action is dismissed at the costs of the plaintiff in error, made since the judgment sustaining the petition in error in said cause. And on motion of the defendant in error, and due consideration thereof had, it is ordered that the attachment in this action be, and the same hereby is, discharged, and the special constable ordered to return to the defendant in error the property taken under said attachment. It is therefore considered by the court that said action be, and the same hereby is, dismissed, and that the plaintiff recover his costs herein expended to the date of judgment sustaining petition in error, taxed at $16.42, and that the defendant recover his costs herein expended since the date of judgment sustaining the petition in error, taxed at $16.08, and it is ordered that execution be awarded in this court to carry into effect said judgment."

The theory upon which this decision was rendered, or at least the theory upon which counsel has attempted to defend it, is that the payment of the judgment rendered by the justice of the peace satisfied the plaintiff's claim and released the property from the lien created by the attachment. It seems to us this view can not be sound. By the attachment plaintiff obtained security for his claim and for all costs, whether incident to the action or resulting from the rightful use of the provisional remedy (*Miller v. James*, 86 Ia., 242; 3 Am. & Eng. Ency. Law [2d ed.], 222); and he was entitled to have the attached property, or so much of it as might be necessary, sold for the satisfaction of such claim and costs. Code of Civil Procedure, sec. 943. The proceeding in error preserved and continued the attachment lien (*Adams County Bank v. Morgan*, 26 Nebr., 148) and brought the ruling of the justice of the peace on the motion to discharge the attachment before the district court for review. When the justice gave judgment in favor of the plaintiff, he was acting within the authority of section 236*f* of the Code of Civil Procedure,

which provides that "the original action shall proceed to trial and judgment in every other respect as though no writ of error had been prosecuted."

The costs of the attachment were not taxed by the justice, because, when the action was tried and determined, the motion to discharge the attachment was still pending and the decision of the court upon the motion could not, of course, be anticipated. Besides, the question of defendant's liability for attachment costs being involved in the motion to discharge the attachment, the justice was without jurisdiction or authority to deal with the matter. 2 Cyc., 970. But when the district court had given its decision and the order discharging the attachment had been reversed, the justice was reinvested with complete jurisdiction of the ancillary proceeding, and it was then his right and duty, upon a proper showing, to tax the costs of the attachment against the defendant and to order a sale of the attached property for the satisfaction of such costs. Code of Civil Procedure, sec. 943. The effect of the decision of the district court was to sustain the attachment and leave the property in the hands of the officer, subject to a lien in favor of plaintiff for the unpaid costs. The payment made by defendant did not discharge the lien, because it did not discharge his obligation. It was only a partial payment, because it did not cover the attachment costs that had already accrued. The costs of the error proceeding, like other costs incident to the litigation, were secured by the attachment lien, and plaintiff was entitled to have them satisfied by a sale of the attached property.

Counsel on both sides seem to think that the reversal of the order of the justice of the peace had the effect of giving the district court exclusive jurisdiction of the attachment proceeding, but this, in our opinion, is an erroneous view. Undoubtedly, the district court had authority to enforce its own judgment, but the only judgment it was authorized to render was a judgment affirming or reversing the order of the justice of the peace and taxing the

costs incident to the error proceeding. The cause could not be retained for trial. When the judgment of reversal was entered, the controversy in the district court was ended and no issue remained to be tried. The provision of section 601 of the Code of Civil Procedure, which declares that when the judgment of a justice of the peace shall be reversed the cause shall be retained for trial, has reference to cases which might have been brought by appeal to the district court for trial *de novo;* or perhaps it would, in view of the former state of the law on the subject of appeals, be more accurate to say cases which have been entirely disposed of in the justice's court by final order or judgment. Such cases were the only ones which might be removed by appeal or error to the district court at the time section 601 was adopted.

It results from what has been said that the judgment under review deprives the plaintiff of a substantial right and should, therefore, be reversed.

REVERSED AND REMANDED.