## Lux & Talbott Stone Company v. Donaldson et al.

[No. 20,038.   Filed November 24, 1903.   Rehearing denied April 8, 1904.]

162  481
162  457
162  542

162  481
f170  111

162  481
171  263

APPEAL AND ERROR.—*Cross-Assignment of Error.—Failure to File Brief Within Sixty Days.—Dismissal.*—Where appellee files a cross-assignment of error, and fails to file a brief within sixty days from the date of the cross-assignment as required by Supreme Court rule twenty-one, the cross-assignment will be stricken from the record, and the filing of the brief set aside.   *p. 484.*

SAME.—*Failure to Carry Demurrer to Answer Back to Complaint.—Assignment of Error.*—No question is presented on appeal upon the action of the court in failing to carry a demurrer to an answer back and sustain it to the complaint, where such failure is not assigned as error.   *p. 484.*

MUNICIPAL CORPORATIONS.—*Street Improvements.—Acceptance by Council.*— The acceptance of a street improvement by the common council, in the manner prescribed by statute, after the completion of the work, is, in the absence of fraud, conclusive upon the property owner so far as the character of the work done and materials used are concerned.   *p. 485.*

SAME.—*Street Improvements.—Enforcement of Assessments.—Fraud.—Answer.* —An answer, in a suit to enforce a street improvement assessment, that defendants called the attention of the civil engineer and committee in charge of the work to certain defects in the work, and the non-compliance of the plaintiff with the contract, and made proof of same upon a hearing before the committee, but that the committee disregarded the evidence, concealed the facts from the common council, assured the common council that the work had been done according to contract, and with the civil engineer combined and colluded with the plaintiff to do said inferior work and secure the acceptance of same, is not a sufficient charge of fraud to defeat the enforcement of the lien, as no fraud in the action of the common council itself is shown.   *pp. 486, 487.*

SAME.—*Street Improvements.—Enforcement of Assessments.—Fraud.—Answer.*— An answer in a suit to enforce a street improvement assessment that a

Lux, etc., Stone Co. *v.* Donaldson.

hearing was given defendants in accordance with the requirement of the statute, but the common council disregarded the evidence submitted by defendants and accepted the work, and plaintiff combined and colluded with the city civil engineer and certain influential members of the common council, and thereby procured the acceptance of the work, states no facts constituting fraud on the part of the common council, and is no defense to the suit for the enforcement of the lien. *pp. 487, 488.*

MUNICIPAL CORPORATIONS.—*Street Improvements.—Enforcement of Assessments. —Defense.—Collateral Attack.*—An answer, in defense to a suit for the enforcement of a street improvement assessment, that, with the consent of the common council and the city engineer, the plaintiff failed to comply with the contract as to the quality of the materials used and the character of the work done, but that the work was done and the materials were furnished under a separate and independent agreement, and that no notice for bids for the work was given, and no bids for the same were received by the common council, constitutes a collateral attack upon the proceedings of the common council, and is not available as a defense to the suit. *p. 488.*

SAME. —*Street Improvements. — Enforcement of Assessments.— Counterclaim.—* There is no authority for an answer of counterclaim, arising out of the failure of plaintiff to perform the work according to contract, in a suit to enforce a street improvement assessment. *p. 489.*

SAME.—*Street Improvements.—Credit for Previous Improvement.*—An answer in a suit to enforce a street improvement assessment that defendants had previously improved the street and sidewalk in front of their property, and were entitled to a reduction from the assessment on account of such improvement, was bad for failure to show that the improvement previously made was in accordance with the general plan for the present improvement, and that it was of such a character that it could have been incorporated with the improvement last made. *p. 489.*

SAME.—*Street Improvements.—Previous Improvement No Defense.*—The fact that a street has been previously improved will not deprive the common council of the authority to require it to be improved again, at the expense of the abutting property owners, in the same manner as if it had never before been improved. *p. 490.*

SAME.—*Street Improvements.—Claim on Account of Previous Improvement.*— A claim by property owners for credit on a street improvement assessment on account of a previous improvement made by them should be made upon the hearing of objections to the report of the engineer before the common council. *p. 490.*

SAME.—*Street Improvements.—Enforcement of Assessments.—Defense.—Estoppel.* —Where property owners, with full knowledge of the making of street improvements, stood by, without objection, and during the progress of the work, and when it was nearing completion, joined in a petition to the common council for a change in the specifications, which was granted, they were thereby estopped to deny that the work was done

according to contract and that their property was liable to assessment therefor. *pp. 490, 491.*

APPEAL AND ERROR.—*Pleading.*—*Defective Complaint Cured by Answer.*— *Reversal of Judgment in Favor of Defendant.*—In an appeal from a judgment for defendants in a suit to enforce street improvement assessments, the complaint was fatally defective in that it failed to allege that an ordinance for the improvement of the street was adopted by a two-thirds vote of the common council, or that any such ordinance was passed at all, but the answers of defendants expressly admitted that the improvement of the street was made by order of the common council. *Held,* that the insufficiency of the complaint was cured by the admissions in the answers and entitled plaintiff to a reversal for error of the court in overruling demurrers to answers to the complaint. *pp. 491–494.*

From Cass Circuit Court; *J. M. Rabb,* Special Judge.

Action by the Lux & Talbott Stone Company against Albert N. Donaldson and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. C. Nelson, Q. A. Myers, S. T. McConnell, A. G. Jenkines, B. C. Jenkines* and *C. H. Stuart,* for appellant.

*M. Winfield, D. B. McConnell, J. W. McGreevy, C. E. Hale* and *George Gamble,* for appellees.

DOWLING, J.—Action to enforce the collection of a final assessment for the improvement of a street in the city of Logansport. The right to recover such assessment was denied and contested on various grounds. A trial by the court resulted in a general finding and judgment for the appellees, who were the defendants below. Demurrers to eight paragraphs of the answer of the appellees were overruled, and demurrers to four paragraphs of appellant's reply were sustained. Appellant's motion for a new trial was denied.

An assignment of cross-errors calling in question the ruling of the trial court upon a motion to make the complaint more certain, upon a demurrer to the complaint for want of facts, and upon appellant's demurrers to the twelfth, thirteenth, fourteenth, and fifteenth paragraphs of appellees' answer, was filed by appellees; and we are asked by them

to consider the sufficiency of the complaint before proceeding to examine the errors assigned by the appellant. We find, however, upon an inspection of the record, that the cross-errors are not before us. Rule twenty-one of this court, adopted January 4, 1900, and in force from and after November 26, 1900, requires that "if cross-errors are assigned, the appellee shall file his brief thereon within sixty days from the date of the cross-assignment, or the same will be stricken out." The cross-assignment of errors in this case was filed by the appellees November 9, 1901. The briefs for appellees upon the cross-assignment were not filed until January 16, 1902, or sixty-eight days after the filing of the cross-assignment. Under the rule, *supra,* the clerk should have refused to receive the briefs, and the cross-assignment should have been stricken out. *Carriger* v. *Kennedy,* 134 Ind. 107; *Loucheim* v. *Seeley,* 151 Ind. 665; *Leatherman* v. *Board, etc.,* 148 Ind. 282; *Manns Brothers, etc., Co.* v. *Templeton,* 149 Ind. 706; *State* v. *Van Cleave,* 157 Ind. 608; Ewbank's Manual, §§21, 179. In consequence of the failure of appellees to comply with rule twenty-one, *supra,* the cross-assignment of errors is stricken from the record, and the filing of the briefs upon such cross-assignment is set aside.

Nor are we at liberty, in the present state of the record, to carry the appellant's demurrers to the answers back, and sustain them to the complaint, if that pleading should be found insufficient. If a party relies upon a supposed error of the court in failing to carry back a demurrer and sustain it to a pleading of an adversary, he should assign such failure as error; otherwise no question is presented in this court. *Peters* v. *Banta,* 120 Ind. 416; *Baldwin* v. *Sutton,* 148 Ind 591; Elliott, App. Proc., §§186, 306; *Queen Ins. Co.* v. *Hudnut Co.,* 8 Ind App. 22; Eubank's Manual, §127.

We now proceed to an examination of the errors assigned on the rulings of the court upon the demurrers to the 1st,

2d, 3d, 5th, 6th, 7th, 8th, and 11th paragraphs of appellees' answers.

1.   The first of these alleged that the work was not done by the appellant according to the contract and that, in consequence of the manner in which it was executed, and the character of the materials used, the improvement was worth only one-half what it would have been had the terms of the agreement been complied with by appellant.   This paragraph admits that the work was approved and accepted by the common council, but attempts to avoid the effect of this confession by averments that the city civil engineer and the street committee combined and conspired with the appellant to permit such defective work to be done, and such inferior materials to be used, and to deceive the common council and secure the approval and acceptance of said work and material; that the said parties did so deceive the common council; and that the approval and acceptance of the work were thereby secured.

The acceptance of the improvement by the common council, in the manner prescribed by the statute, after the completion of the work, was conclusive upon the property owner, so far as the character of the work done and materials used were concerned.   In such case, in the absence of fraud, the property owner cannot be heard to ,say, by way of defense to a suit to collect the assessment, that the work was not done according to the contract.   Cooley, Taxation, 468; Elliott, Roads & Sts., 416; *Holloran v. Morman,* 27 Ind. App. 309; *DePuy v. City of Wabash,* 133 Ind. 336; *Cason v. City of Lebanon,* 153 Ind. 567; *Darnell v. Keller,* 18 Ind. App. 103; *City of Bloomington v. Phelps,* 149 Ind. 596; *Gorman v. State, ex rel.,* 157 Ind. 205.

In *Robinson v. City of Valparaiso,* 36 Ind. 616, 619— a proceeding by a property holder for an injunction—this court said: "The complaint goes on to specify defects in the work.   But this matter is placed by law in the hands of the council; and their judgment thereon cannot be ques-

tioned in this collateral attack. The law itself provides a method by which any wrong done any property owner may be rectified."

And again, in *McEneney* v. *Town of Sullivan*, 125 Ind. 407, 410, the court, by Elliott, J., said: "The attack made upon the proceedings of the corporate officers is a collateral one, and it is well settled that upon such an attack only defects or irregularities affecting the jurisdiction can be made available. Any other rule would break down the distinction between collateral and direct attacks and open the way to great wrongs and abuses. But upon this question the authorities are quite well agreed; indeed, the only phase of the question upon which there is diversity of opinion is as to what shall be considered jurisdictional facts. Our own cases uniformly hold that upon such an attack as the present only such questions as affect the jurisdiction can be considered. *Montgomery* v. *Wasem,* 116 Ind. 343, and cases cited; *Jackson* v. *Smith,* 120 Ind. 520, and cases cited; *Barber Asphalt Pav. Co.* v. *Edgerton,* 125 Ind. 455."

Unless the allegations of fraud were sufficient to take the case out of the general rule that acceptance of the improvement by the common council is conclusive upon the property owner, the first paragraph of the answer is bad. The only averments relating to the supposed fraud were that the appellees called the attention of the city civil engineer and the street committee in charge of the improvement to certain defects in the work, and the noncompliance of the appellant with the contract; that, upon a hearing before the committee, they made proof of the same, but that the committee disregarded the evidence and concealed the facts from the common council; that the committee assured the common council that the work had been done according to contract; that the civil engineer and the street committee combined and colluded with the appellant to do said inferior work, to furnish said inferior material, and to deceive

the common council and secure the approval and acceptance of the work.

These allegations amount to nothing more than a charge that certain irregularities occurred previous to the final hearing before the common council.   At that hearing, the appellees had the opportunity to present every legal objection to the report of the committee, including all accusations of fraudulent conduct on the part of the committee, the civil engineer, and the contractor.   If they failed to object to the report on these grounds, or, if the common council, upon the hearing, adopted the report, then, unless fraud in the action of the common council itself was properly alleged in the answer, the previous misconduct of the committee and the civil engineer would not vitiate the action of the common council, and would constitute no defense to a suit to enforce the lien of the assessment. Acts 1891, p. 324, §2, §4294 Burns 1894.

The first paragraph of the answer contained no averment of fraudulent conduct on the part of the common council at the hearing upon the report of the committee, or in the enactment of the order for the assessment.   Consequently it was insufficient, and the demurrer to it should have been sustained.   *Darnell* v. *Keller,* 18 Ind. App. 103; *Shank* v. *Smith,* 157 Ind. 401, 412, 55 L. R. A. 564.

2.   The second paragraph of the answer is very similar to the first.   An attempt is made, however, to charge the common council with fraud in its proceedings for the adoption of the report of the committee and the acceptance of the improvement.   The answer admitted that a hearing was given the appellees by the common council agreeably to the requirement of the statute, and that they produced ·their witnesses and submitted their evidence to that body; but it was also averred that the common council disregarded the evidence and accepted the work, and that the· appellant combined and colluded with the city civil engi-

neer and certain influential members of the common council, and thereby procured the acceptance of the said ·work. There is no statement of any fact or facts constituting fraud on the part of the common council in adopting the said report and accepting the work. The averment that the appellant combined and colluded with the city civil engineer and certain influential members of the common council amounts to nothing. It is not a charge of fraud. It states no facts constituting fraud. It adds nothing to the defense. Like the confederacy clause in· an ancient bill in equity, it may be omitted without impairing the pleading. *Burden* v. *Burden,* 141 Ind. 471; *Stroup* v. *Stroup,* 140 Ind. 179, 27 L. R. A. 523; *Guy* v. *Blue,* 146 Ind. 629; Story, Eq. Pl., §29; *Adams* v. *Porter,* 1 Cush. (Mass.) 170; Rules in Equity, S. C. U. S., Rule 21. The demurrer to this paragraph of answer should have been sustained.

3. The defense set up by the third paragraph of the answer was that, with the consent of the common council and the city engineer, the appellant failed to comply with the contract as to the quality of the materials used and the character of the work done, but that the work was done and the materials were furnished under a separate and independent agreement, and that no notice for bids for the work was given, and that no bids for the same were received by the common council. The matters so set up are a collateral attack upon the proceedings of the common council, and for that reason were not available as a defense to the action. *McEneney* .v. *Town of Sullivan,* 125 Ind. 407, 410. The court erred in overruling the demurrer to · this answer.

4. The fifth paragraph of answer undertook to set up a partial defense, and went to eighty-five per cent. of the assessment against the property of the appellees. It alleged a breach of the contract by the appellant in the character of the materials and work, that these defects could not be

discovered by appellees, and that the acceptance of the work by the common council was procured by a fraudulent conspiracy between the appellant and the city civil engineer. For the reasons already given, this answer, also, was insufficient. The demurrer to it should have been sustained.

5. The sixth paragraph of answer charged that, without the knowledge or consent of the common council, the appellant was permitted by the street committee and the city civil engineer to disregard the specifications in many important particulars, and that such changes were concealed from the appellees and all persons liable to be assessed for said improvement. The facts so pleaded constituted no defense.

6. The seventh paragraph of answer purported to set up a counterclaim arising out of the failure of the appellant to perform the work according to the contract. There is no authority for such a claim or defense in actions of this character. *Laverty* v. *State, ex rel.,* 109 Ind. 217; *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel.,* 105 Ind. 37.

7. The eighth paragraph of answer was almost identical with the seventh. It should have been held insufficient.

8. The eleventh paragraph of answer averred that the appellees had previously improved the street and sidewalk in front of their property, and were entitled to a reduction from the assessment on account of such improvement. This paragraph was bad because it failed to show that the improvement made by appellees was in accordance with the general plan for the improvement of Sycamore street under the ordinance of August 17, 1898, and that it was of such a character that it could have been incorporated with the improvement provided for by the said ordinance. It is only where this is the case that the property owner can claim the benefit of §4291 Burns 1894, which provides for a reasonable allowance for such work upon the proportionate share of the property owner of the costs of the whole improvement. Besides, it appears that the improve-

ment so made by the appellees was constructed under an ordinance passed in 1886, or twenty-four years before the enactment of the ordinance under which the improvement described in the complaint was made. The fact that the street had before been improved did not deprive the common council of the authority to require it to be improved again, at the expense of the abutting property owners, in the same manner as if it had never before been improved. *City of LaFayette* v. *Fowler,* 34 Ind. 140; *Yeakel* v. *City of LaFayette,* 48 Ind. 116; *City of Kokomo* v. *Mahan,* 100 Ind. 242. Moreover, such claim, if it existed, should have been made upon the hearing of objections to the report of the engineer before the common council. §§4291, 4292 Burns 1901; *City of Connersville* v. *Merrill,* 14 Ind. App. 303.

The 2d, 3d, and 4th paragraphs of reply to the 1st, 2d, 3d, 5th, 6th, 7th, 8th, and 11th paragraphs of appellees' answer are substantially alike. Their material averments are that the appellees, with full knowledge of the making of the improvement, the expenditures of appellant therefor, and of the nature of the work and materials, stood by until the improvement was completed, making no objection thereto, and that the said appellees, during the progress of the work, and when it was nearing completion, joined in a petition to the common council for a change in the specifications, and for the substitution of a sand filler for an asphalt filler, and a reduction of $700 in the contract price for said improvement; that the common council and the appellant consented to said change and reduction, and that the work was finished in accordance with the said petition; that by their conduct in these respects the appellees were estopped to deny that the work was done according to the contract, and that their property was liable to assessment therefor. The matters stated in these replies were sufficient to estop the appellees from taking advantage of the defenses contained in the several paragraphs of

answer to which they were addressed.   This has often been decided.   Elliott, Roads & Sts., 386-388, 419-423; *Ross* v. *Stackhouse,* 114 Ind. 200, 206; *Prezinger* v. *Harness,* 114 Ind. 491, 498; *Cluggish* v. *Koons,* 15 Ind. App. 599; *Shank* v. *Smith,* 157 Ind. 401, 55 L. R. A. 564.

The fifth paragraph of reply sets out in detail all the steps taken by the common council in the matter of the improvement, and its action upon the objections of the appellees and the report of the committee at the hearing provided for by the statute.   This, also, is pleaded by way of estoppel, and, according to the authorities hereinbefore cited, was sufficient.

While it is clear that the trial court erred in all the rulings on the demurrers which we have reviewed, a fatal defect in the complaint deprives the appellant of the advantage it would otherwise have obtained upon its assignment of error, unless such defect is cured by the answer. If a complaint is bad, there can be no reversal of the judgment for error in overruling a demurrer to a bad answer, or in sustaining a demurrer to a good reply.   As has often been said, a bad answer is good enough for a bad complaint.   *Hiatt* v. *Town of Darlington,* 152 Ind. 570, 580; *Ice* v. *Ball,* 102 Ind. 42; *Reeves* v. *Howes,* 104 Ind. 435; *Low* v. *Studabaker,* 110 Ind. 57.   And this rule must be applied even where no cross-error is properly assigned upon the overruling of a demurrer to the complaint.   *Baldwin* v. *Sutton,* 148 Ind. 591, 594, 595.

The complaint in this action wholly failed to allege that an ordinance for the improvement of the street was adopted by a two-thirds vote of the common council, or, indeed, that any such ordinance was passed at all.   Neither did it contain an allegation of any matter of estoppel rendering appellees liable for the assessment.   The adoption of the resolution declaring the necessity for the improvement by a two-thirds vote was alleged, and the other steps taken by the common council were sufficiently pleaded; but the in-

dispensable jurisdictional fact that the common council, by the vote expressly required by the statute to authorize it to act at all, adopted an ordinance for the improvement of the street, is nowhere averred in the complaint. The adoption of such an ordinance with the concurrence of two-thirds of the members of the common council, where there is no petition, or some action equivalent thereto, is necessary to give that body jurisdiction of the proceedings for the improvement of the particular street, and to subject the property abutting thereon to the payment of the cost of such improvement. Acts 1889, p. 237, §5, §4292 Burns 1901; *Moberry* v. *City of Jeffersonville,* 38 Ind. 198, 203; Elliott, Roads & Sts. (2d ed.), §§545, 546. The omission of this averment is of such a vital character that, even upon a default, no judgment could have been rendered against the appellees.

But the appellees by their 1st, 2d, 3d, 5th, 6th, 7th, and 8th paragraphs of answer expressly admit that the improvement of the street was ordered by the common council. The admission that the council ordered the improvement to be made is, in its necessary legal effect, an admission that such order was made in the manner and with the concurrence of the requisite number of the members of the council. This admission was effectual for all the purposes of the case, and not only cured the defect in the complaint, but it relieved the appellant from the necessity of offering any evidence to establish the fact so admitted. That other matters were pleaded by the appellees in avoidance of the confession so made does not alter the effect of the admission. The burden of proving them was assumed by the appellees. The letter and spirit of the civil code indicate that pleadings are to state the truth, and neither fiction nor falsehood is presumed to enter into them.

We are not called upon in this case to decide what effect a paragraph denying all the allegations of the complaint would have when a fact was expressly admitted in other

paragraphs of the answer. Here the complaint contained no averment of the passage of an ordinance or other resolution causing the improvement to be made. The appellees voluntarily and expressly admitted in seven separate paragraphs of their answer that the improvement was made by the order of the council. The admission was in these words: "They admit the order of the council for the improvement of Sycamore street, without any petition of the property holders along the line of said street." This express admission cured the defect and omission in the complaint, and relieved the appellant from the necessity of averring or proving that such an order was made, or that it was passed by the vote required by the statute.

The effect of such admissions is thus stated in *Watkins* v. *Gregory,* 6 Blackf. 113, 115: "The declaration is objected to on the ground that it shows there was no valid consideration for the bond sued on, the consideration being a preëxisting debt. This objection is answered by a reference to the facts contained in the third plea. In showing the transaction to amount to a mortgage, the plea admits that there was a valid consideration for the bond. The defect in the declaration, therefore, though a substantial one, is cured by the express admissions of the plea."

Again in *Sherrod* v. *Shirley,* 57 Ind. 13, 15, the court said: "Two objections are taken to the cause of action: First, that it does not set out the names of the plaintiffs below. This is a fatal objection if not cured; but it may be cured by the process, amendment, or by a pleading wherein the names are properly stated. In pleading to the cause of action, by an answer which stated the names of the plaintiffs in full, before Justice Wells, the appellant cured this alleged error. *Widup* v. *Gibson,* 53 Ind. 484."

In *Wiles* v. *Lambert,* 66 Ind. 494, it was held that an insufficient description in the complaint of a judgment on which an execution was issued was cured by a proper description of the same in the answer. See, also, 1 Chitty,

Pleading (16th Am. ed.), *710; *Miller* v. *James,* 86 Iowa 242, 245, 53 N. W. 227; *Daub* v. *Englebach,* 109 Ill. 267, 271; *Parker* v. *Lanier,* 82 Ga. 216, 218, 8 S. E. 57; *New Albany, etc., Plank Road Co.* v. *Stallcup,* 62 Ind. 345; *Colter* v. *Calloway,* 68 Ind. 219; *Holland* v. *Spell,* 144 Ind. 561; Woollen, Trial Proc., §1085; *Paige* v. *Willet,* 38 N. Y. 28; *White* v. *Smith,* 46 N. Y. 418. For a very full and exhaustive discussion of admissions in pleadings, see *Boots* v. *Canine,* 94 Ind. 408.

The insufficiency of the complaint having been cured by the admissions in the answer, the errors of the court in overruling the demurrers to the 1st, 2d, 3d, 5th, 6th, 7th, 8th, and 11th paragraphs of answer, and in sustaining the demurrers to the 1st, 2d, 3d, and 4th paragraphs of reply, require that the judgment should be reversed.

Judgment reversed, with instructions to the court to sustain the demurrers to the 1st, 2d, 3d, 5th, 6th, 7th, 8th, and 11th paragraphs of answer, and for further proceedings in conformity to this opinion.