## HIBBEN *v.* SMITH.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 59. Argued November 5, 1903.—Decided November 30, 1903.

The amount of benefits resulting from an improvement, and assessed under a state statute which this court has declared to be constitutional is a question of fact, and a hearing upon it being assumed, the decision of the board making the assessment is final and no Federal question arises.

In the apportionment of assessments for improvements due process of law is afforded to the taxpayer if he is given an opportunity to be heard before the body making the assessment; and, so far as the Federal Constitution is concerned, the state legislature may provide that such hearing shall be conclusive.

Whether a judgment in a state court based on an assessment is void or only voidable because some of the members of the board were residents of, and taxpayers in, the assessment district is a proper question for the state courts to decide, and after the highest court of the State has held that the judgment is not void and cannot be attacked collaterally, this court will follow that determination.

THE plaintiff in error seeks by this writ to review the judgment of the Supreme Court of the State of Indiana, affirming a judgment in favor of one of the defendants in error, William C. Smith, foreclosing the lien of an assessment levied upon certain real estate in the town of Irvington, belonging to the plaintiff in error. The plaintiff Smith brought this action to foreclose the lien, and alleged in his complaint that he was the contractor for the doing of the work for a local improvement on Washington street in the town mentioned, and had complied with all the provisions of the statute and with his con-

tract, and had finished the work and was entitled to payment
for the same; that an assessment to provide for such payment
had been duly imposed by the board of town trustees, upon
the property abutting on the portion of the street where the
improvement was made, and that the defendant Sarah A.
Hibben was the owner of lots abutting on that improved por-
tion of the street, and her assessment amounted to over five
thousand dollars, which she had not paid; that the assessment
was then due with six per centum interest, and the plaintiff
prayed that the lien might be foreclosed against her property,
and that it might be sold for the satisfaction of the assessment,
and for other proper relief in the premises.

The defendant Hibben demurred to the complaint, and
the same having been overruled, she filed an answer thereto.
She also filed a cross complaint. The answer and cross com-
plaint set up the same facts in substance and they both averred
the unconstitutionality of the act of the legislature of Indiana
providing for the improvement of streets under which the im-
provement in question was made, and also it was objected to
the validity of the assessment that the alleged improvement
was of no benefit to many of her lots, and that, on the con-
trary, the assessment upon such lots was greater than their
value, and resulted in a substantial confiscation of her prop-
erty in those lots; also that the assessment had been made by
the front foot and without reference to the benefits received
from the improvement, and that no hearing before the board
of trustees was had and no consideration given to the question
of whether or not the abutting property or any part thereof
was specially benefited in an amount equal to, less than or in
excess of the amounts fixed by the assessments which were
confirmed by such board, but on the contrary that the assess-
ments were made and confirmed upon the theory and belief
that the statutes of the State established the rule of assess-
ment at the same fixed price per lineal front foot on each side
for the whole improvement, and that no change could be made
therein by the board of trustees, and that the board refused at

such hearings to hear or consider any objection to the assessment based upon any inquiry into the amount of special benefit accruing to any abbutting lot or parcel of land.

It was also averred in the answer and in the cross complaint that all the members of the board of trustees of the town of Irvington were residents of that town and taxpayers therein, and that two members of the board were owners of lots abutting upon said improvement and assessed therefor at the same rate per lineal front foot as the others, and it was averred that no assessment could legally be levied by such a board of trustees, and the assessment was for that reason wholly void.

These defences contained in the answer and which were also set up in the cross complaint, were severally demurred to by the complainant Smith, and the demurrers sustained, and upon the refusal of the defendant Hibben to amend, judgment enforcing the lien was entered, which, upon appeal to the Supreme Court of Indiana, was affirmed.

*Mr. Russell T. McFall*, with whom *Mr. Mural W. Hopkins* and *Mr. Merrill Moores* were on the brief, for plaintiff in error:

I. In Indiana assessments for local street improvement are based upon and measured by the actual special benefits accruing to the land or lots assessed. *City of New Albany* v. *Cook*, 29 Indiana, 220; *Adams* v. *City of Shelbyville*, 154 Indiana, 467; *McKee* v. *Town of Pendleton*, 154 Indiana, 652; *DeFrees* v. *Ferstl*, 154 Indiana, 695; *City of Indianapolis* v. *Holt*, 155 Indiana, 222, 240; *Taylor* v. *City of Crawfordsville*, 155 Indiana, 403; *Schaeffer* v. *Werling*, 156 Indiana, 704; *Shank* v. *Smith*, 157 Indiana, 401; *Leeds* v. *DeFrees*, 157 Indiana, 392; *Wray* v. *Fry*, 158 Indiana, 92; *Marion Bond Co.* v. *Johnson*, 29 Ind. App. 294; *Klein* v. *Nugent Gravel Co.* (Ind. App.), 66 N. E. Rep. 486.

II. The determination of the actual special benefits is a judicial function. Black on Judgts. §§ 290, 291; Cooley Const. Lim. (6th ed.) 108; Cooley on Taxation, 265, 266; Elliott on Mun. Corp. 130; Elliott Roads and Streets (2d ed.), §§ 281, 564; Van Fleet, Coll. Att. § 16; *Brown* v. *City of Denver*, 7 Colorado,

305; *S. C.*, 3 Am. & Eng. Corp. Cas. 630; *Flournoy* v. *City of Jeffersonville*, 17 Indiana, 169; *City of Ft. Wayne* v. *Cody*, 43 Indiana, 197; *Campbell* v. *Dwiggins*, 83 Indiana, 473; *Anderson* v. *Baker*, 98 Indiana, 587; *Sunier* v. *Miller*, 105 Indiana, 393; *Harman* v. *Moore*, 112 Indiana, 227; *Garvin* v. *Daussman*, 114 Indiana, 429; *Kuntz* v. *Sumption*, 117 Indiana, 1; *Campbell* v. *Board of Com.*, 118 Indiana, 119; *Barber, etc., Co.* v. *Edgerton*, 125 Indiana, 455; *Thompson* v. *Goldthwait*, 132 Indiana, 20; *Guckien* v. *Rothrock*, 137 Indiana, 355; *Adams School Twp.* v. *Irwin*, 150 Indiana, 12; *Kirsch* v. *Braun*, 153 Indiana, 247; *Town of Greenwood* v. *Lawson* (Ind.), 64 N. E. Rep. 849, 850; *Motz* v. *City of Detroit*, 18 Michigan, 495; *Thomas* v. *Gain*, 35 Michigan, 155; *Whiteford Tp.* v. *Probate Judge*, 53 Michigan, 130; *Overing* v. *Foote*, 65 N. Y. 263; *Stuart* v. *Palmer*, 74 N. Y. 183; *City of Phila.* v. *Miller*, 49 Pa. St. 440; *Santa Clara* v. *Southern Pacific R. R. Co.*, 13 Am. & Eng. R. R. Cas. 182; *Meyers* v. *Shields*, 61 Fed. Rep. 713, 728; *Murray's Lessee* v. *Hoboken Land and Improvement Co.*, 18 How. 272, 284; *Hagar* v. *Reclamation District*, 111 U. S. 701, 710; *Dewey* v. *Des Moines*, 173 U. S. 193.

III. Due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States requires that the property of plaintiff in error be not taken away by an arbitrary act of the board of trustees of Irvington.

The guarantee of "due process of law" or "the law of the land" is a guarantee against the exercise of arbitrary power.

Freedom from arbitrary power is the chief and fundamental maxim of Anglo-Saxon and constitutional government. *Audi alteram partem.* No man shall be condemned unheard. Broom Max. (8th Am. ed.) 113; *In re Brook*, 16 C. B. N. S. 416 (111 E. C. L. R.); *In re Hammersmith Rent Charge*, 4 Exch. 97; *Reg.* v. *Archbishop of Canterbury*, 1 E. & E. 559 (102 E. C. L. R.); *Reg.* v. *Saddler's Co.*, 10 H. L. Cas. 404; *Boswell's Case*, 6 Rep. 52a; *Graham* v. *Furber*, 14 C. B. 134, 165 (78 E. C. L. R.); *Prohibition del Roy*, 12 Rep. 63; *Capel* v. *Childs*, 2 Cromp. & Jer. 558; *Bonaker* v. *Evans*, 16 Q. B. 162; *Bagg's Case*, 11

Rep. 93*b*, 99*a*; *Rex* v. *Chancellor, etc., of Cambridge* (*Dr. Bentley's Case*), 1 Strange, 557; *Rex* v. *Beun,* 6 T. R. 198; *Harper* v. *Carr,* 7 T. R. 270; *Rex* v. *Geskin,* 8 T. R. 209; Story on Const. vol. 2, § 1789; Cooley's Const. Lim. 6th ed. 431, citing definition given by Mr. Webster in the *Dartmouth College* case, which has often been quoted; 4 Black. Com. 424; 2 Kent's Com. (11th ed.) 2, note 3; *Campbell* v. *Dwiggins,* 83 Indiana, 473; *Howard* v. *State,* 66 Ohio, 249; *Railroad Tax Cases,* 13 Fed. Rep. 722, 751; *State Tax on Foreign Held Bonds,* 15 Wall. 300, 319; *Davidson* v. *New Orleans,* 96 U. S. 97; *Hagar* v. *Reclamation Dist.,* 111 U. S. 701, 708.

It was against the arbitrary exercise of the taxing power that both the English people and the American colonies made their earliest and most vigorous claims to the protection of the law of the land. See Magna Charta; The Petition of Rights, 1 Car. I, c. 1; Bill of Right, 1 W. & M. sess. 2, c. 2; Stamp Act; Journal of Congress, vol. 1, p. 28, ed. Phil. 1800; Ordinance of 1787, art. 4; Journal Confederate Congress, vol. XII, p. 58; 2 Coke Inst. p. 46; 4 Black. Com. 424; Cooley Const. Lim. 35, 429, 599, 605, 606, 610, 612, 615, 617, 635, 638; 2 Kent Com. (11th ed.) 3, note 6; *McCullough* v. *State of Maryland,* 4 Wheat. 316, 427; *Freeland* v. *Hastings,* 10 Allen, 570, 575; *The Railroad Tax Cases,* 13 Fed. Rep. 722, 734, 751, 757, 764.

The statute gives to the board of town trustees exclusive judicial power, thus violating the fundamental principle of republican government that the three departments of government shall be kept separate. Cooley Const. Lim. (6th ed.) 104; *People* v. *Chase,* 165 Illinois, 527 (Torren's Land Law Case); *State* v. *Guilbert,* 56 Ohio St. 575; *Ex parte Logan Branch Bank,* 1 Ohio St. 432; *Whitcomb Case,* 120 Massachusetts, 118; *Sanborn* v. *Fellows,* 22 N. H. 473; *Langenberg* v. *Decker,* 131 Indiana, 471; *State* v. *Noble,* 118 Indiana, 350, 366, 370; *Kuntz* v. *Sumption,* 117 Indiana, 1; *Wilkins* v. *State,* 113 Indiana, 514.

As to due process of law, see, also, *Cooper* v. *Board of Works,* 108 E. C. L. R. 181; *Zeigler* v. *S. & N. Ala. R. R. Co.,* 58 Ala-

bama, 594; *Klein* v. *Nugent Gravel Co.*, 66 N. E. Rep. 486 (Ind. App.); *Jones Co.* v. *Perry*, 26 Ind. App. 554; *Lipes* v. *Hand*, 104 Indiana, 503, 507; *Heick* v. *Voight*, 110 Indiana, 279, 285; *Paul* v. *Detroit*, 32 Michigan, 108, 118; *Sanborn* v. *Fellows*, 22 N. H. 473; *Stuart* v. *Palmer*, 74 N. Y. 183; *Harmon* v. *State*, 66 Ohio St. 249; *Calder* v. *Bull*, 3 Dallas, 388; *Bank of Columbia* v. *Okely*, 4 Wheat. 235, 244; *Van Ness* v. *Pacard*, 2 Pet. 137, 144; *Murray's Lessee* v. *Hoboken Land, etc., Co.*, 18 How. 272; *Mc-Veigh* v. *United States*, 11 Wall. 259; *Galpin* v. *Page*, 18 Wall. 350, 368; *Windsor* v. *McVeigh*, 93 U. S. 274; *Pearson* v. *Yewdall*, 95 U. S. 294; *Davidson* v. *New Orleans*, 96 U. S. 97, 104; *Hurtado* v. *California*, 110 U. S. 516, 536; *Hovey* v. *Elliott*, 167 U. S. 409; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324.

IV. Due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States requires that no man shall be judge in his own cause.

Plaintiff claims while town trustees may apportion and determine the special benefits of a local assessment the benefits must be apportioned and determined by due process of law; and that among the certain established and recognized maxims of right that are guaranteed by the Federal Constitution, is that no man shall be a judge in his own cause. The old maxims show that this is essential. Coke, Litt. 141a; Broom Max. (8th Am. ed.) 116; Littleton, § 212; *Earl of Derby's case*, 12 Coke, 114; Jenk. Cent. Cas. 40; Pandect's Pass. II, lib. 5, 17.

If the duty to be exercised is of such a judicial character that under the influence of his interest in the subject matter the judge may so decide as to give to himself an unjust or inequitable advantage and perforce impose upon other parties a corresponding inequity or disadvantage, it is a case where the constitutional guaranty of due process of law is applicable. *North Bloomfield G. M. Co.* v. *Keyser*, 58 California, 315; *Helbron* v. *Campbell*, 23 Pac. Rep. 122; *Meyer* v. *City of San Diego*, 121 California, 102; *Inhabitants of North Hampton* v. *Smith*, 11 Metc. (Mass.) 390; *Taylor* v. *Williams*, 26 Texas, 583.

As to taxpayers being disqualified the disqualification does

not spring from the fact that the judge is a citizen, inhabitant and taxpayer of the city, but from the circumstance that he owns property within the city which may or may not be liable to taxation as he may decide. The authorities agree that in such a case the citizen and taxpayer is disqualified. *City of Oakland* v. *Oakland Water Front Co.,* 118 California, 249; *State* v. *Young,* 31 Florida, 594; *Peck* v. *Freeholders of Essex,* 21 N. J. L. 656; *Ex parte Harris,* 26 Florida, 77 (23 Am. St. Rep. 548); *City of Guthrie* v. *Shaffer,* 7 Oklahoma, 459; *Austin* v. *Nalle,* 85 Texas, 520; *State* v. *City of Cisco* (Tex. Civ.), 33 S. W. Rep. 244; *Jefferson Co., etc.,* v. *Milwaukee Co., etc.,* 20 Wisconsin, 139.

The disqualification is applicable to all officers and boards whose duties are judicial. Elliott on Muncp. Corporations, § 130; *Markley* v. *Rudy,* 115 Indiana, 533; *Meyer* v. *Shields,* 61 Fed. Rep. 713, 723; *Stockwell* v. *Township Board of White Lake,* 22 Michigan, 341; *Conklin* v. *Squire,* 29 Weekly Law Bull. 157.

Had one of the appellees brought suit against the town to determine and collect the cost of paving the street crossings, and all the members of this town board had been on the jury, either plaintiff or defendant could have challenged them for cause, for the reason that they were residents and taxpayers of the town. *Hern* v. *City of Greensburg,* 51 Indiana, 119; *Town of Albion* v. *Hetrick,* 90 Indiana, 545, 549; *City of Goshen* v. *England,* 119 Indiana, 368; *Gaff* v. *State,* 155 Indiana, 277.

Necessity does not cure this defect except in general and universal questions which do not apply to this case. *Board of Com. of Fountain Co.* v. *Loeb,* 68 Indiana, 29; *State* v. *Crane,* 36 N. J. L. 394, 400; *Moses* v. *Julian,* 45 N. H. 52; 84 Am. Dec. 114; *Washington Ins. Co.* v. *Price,* Hopk. Ch. 1; *Anonymous,* 1 Salk. 396.

Nor is the legislature the final judge of this necessity. To say that the legislature is the final judge in all cases of what interest will disqualify, would be to repudiate all our constitutions, both written and unwritten, and to leave the citizen at the mercy of every legislative whim and caprice.

Such a legislative act is unconstitutional. Cooley's Const. Lim. (6th ed.) 506, *et seq.; Conklin* v. *Squire,* 29 Weekly Law Bull. 157; *Day* v. *Savadge,* Hob. 85; *Hasketh* v. *Braddock,* 3 Burr. 1847; *Bonham Case,* 8 Coke, 212, 219, 224; *Great Charte* v. *Kensington,* 2 Stra. 1173; *State* v. *Castleberry,* 23 Alabama, 85; *Chamber* v. *Hodges,* 23 Texas, 104.

The judgment rendered under such circumstances is void —not voidable and can be attacked collaterally. *Sanborn* v. *Fellows,* 22 N. H. 473; *Moses* v. *Julian,* 45 N. H. 52; *Stearns* v. *Wright,* 51 N. H. 600; *Bass* v. *City of Ft. Wayne,* 121 Indiana, 389; *Chicago & Atlanta Ry. Co.* v. *Summers,* 113 Indiana, 10; *Gay* v. *Minot,* 3 Cush. 353; *Hall* v. *Thayer,* 105 Massachusetts, 219; *Taylor* v. *County Com. of Worcester,* 105 Massachusetts, 225; *State* v. *Crane,* 36 N. J. L. 394; *Wetzel* v. *State,* 5 Tex. Civ. App. 17; *Donnelly* v. *Howard,* 60 California, 291; *Galbreath* v. *Newton,* 30 Mo. App. 380.

The only reason given for denying the right to collaterally attack the judgment of interested tribunals is that the complaining party should either take a change of venue to an impartial tribunal or attack the judgment directly by appeal or writ of error. *Bradley* v. *City of Frankfort,* 99 Indiana, 417; *Bass* v. *City of Ft. Wayne,* 121 Indiana, 389; *Board of Com. of Carroll Co.* v. *Justice,* 133 Indiana, 89.

For other cases on the point that no one can be a judge in his own case, see Bacon's Abr. "Jury" M, 3; Bouvier Law Dict. tit. Judge; 1 Brook's Abr. 177, tit. conusans, 27; Burns's Justice, III, 132; C. 3, 5, 1; Com. Dig. 101, 4, Justices, I, 3; Cooley Const. Lim. (6th ed.) 506; Domat's Public Law, lib. 2, tit. 1, sec. 2, 14; Elliott on Mun. Corp. § 130; 4 Inst. 71; Just. Code, lib. 1, tit. 1, 16; Pothier's Pro. Civ. C. 2, sec. 5; Rolle, Abr. Judges, Pl. 11; Voet. ad. Pand. lib. 5, tit. 1, 43; Jenk. 40, case 76; 90, case 74; *Bonham Case,* 8 Coke, 212, 219, 224; *Queen* v. *Com. for Cheltenham,* 1 A. & E. N. S. 468; *Reg.* v. *Canal Co.,* 14 Q. B. 853; 68 E. C. L. R.; *Regina* v. *Justices,* 14 Eng. L. & Eq. 93; *Ranger* v. *Great Western Ry. Co.,* 5 H. L. Cas. 72, 88, 89; *State* v. *Castleberry,* 23 Alabama, 85; *Heydenfeldt* v. *Towns,*

27 Alabama, 423; *Lent* v. *Tillson*, 72 California, 404, 428; *Ramish* v. *Hartwell*, 126 California, 443; *Hadley* v. *Dague*, 130 California, 207; *Hawley* v. *Baldwin*, 19 Connecticut, 585; *Appeal of Nettleton*, 28 Connecticut, 268; *Ochus* v. *Shelden*, 12 Florida, 138; *Klein* v. *Tuhey*, 13 Ind. App. 74; *Hudson* v. *Wood*, 52 N. E. Rep. 612 (Ind. App.); *Shoemaker* v. *Smith*, 74 Indiana, 71, 75; *Fechheimer* v. *Washington*, 77 Indiana, 366; *Bradley* v. *City of Frankfort*, 99 Indiana, 417; *Block* v. *State*, 100 Indiana, 357; *Pearcy* v. *Mich. Mutual Life Ins. Co.*, 111 Indiana, 59; *Zimmerman* v. *State*, 115 Indiana, 129; *Board* v. *Heaston*, 144 Indiana, 583; *Chicago &c. Co.* v. *City of Huntington*, 149 Indiana, 518; *Adams* v. *City of Shelbyville*, 154 Indiana, 467; *Clifford* v. *York Co. Com.*, 59 Maine, 262; *Buckingham* v. *Davis*, 9 Maryland, 324; *Gay* v. *Minot*, 3 Cush. 352, 354; *Tolland* v. *County Com.*, 13 Gray, 12; *Pearce* v. *Atwood*, 13 Massachusetts, 324; *Taylor* v. *County Com. of Worcester*, 105 Massachusetts, 225; *Hall* v. *Thayer*, 105 Massachusetts, 219; *Ames* v. *Port Huron Log Driving & Booming Co.*, 11 Michigan, 139; *Paul* v. *Detroit*, 32 Michigan, 108, 117; *Russell* v. *Perry*, 14 N. H. 152; *State* v. *Newark*, 1 Dutcher, 399, 405; *Schroder* v. *Ehlers*, 31 N. J. L. 44; *Traction Co.* v. *Board of Works*, 56 N. J. L. 431; *Foster* v. *Cape May*, 60 N. J. L. 78, 82; *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Converse* v. *McArthur*, 17 Barb. 410, 411; *Edwards* v. *Russell*, 21 Wend. 64; *Diveny* v. *City of Elmira*, 51 N. Y. 506; *White* v. *Connelly*, 105 N. C. 65; *Gregory* v. *Cleveland R. R. Co.*, 4 Ohio St. 675; *Schroder* v. *Overman*, 61 Ohio St. 1; *Cleveland* v. *Tripp*, 13 R. I. 50; *Templeton* v. *Giddings*, 12 S. W. Rep. 851 (Tex.); *Barnett* v. *Ashmore*, 5 Washington St. 163; *Findley* v. *Smith*, 42 W. Va. 299; *Case* v. *Hoffman*, 100 Wisconsin, 314, 351; *Aultman & Taylor Co.* v. *Brumfield*, 94 Fed. Rep. 423; *Calder* v. *Bull*, 3 Dallas, 386, 388; *Pennoyer* v. *Neff*, 95 U. S. 714, 733; *Wight* v. *Davidson*, 181 U. S. 371.

*Mr. Lawson M. Harvey*, with whom *Mr. William A. Pickens*, *Mr. Linton A. Cox* and *Mr. Sylvan W. Kahn* were on the brief, for the defendants in error:

That this statute of Indiana is not unconstitutional has been repeatedly decided in Indiana. *Adams* v. *Shelbyville*, 154 Indiana, 467; *Leeds* v. *Defrees*, 61 N. E. Rep. 930; *Shank* v. *Smith*, 61 N. E. Rep. 932; *Martin* v. *Willis*, 60 N. E. Rep. 1021; *Schaeffer* v. *Werling*, 156 Indiana, 704, affirmed 188 U. S. 516. The decision of the state Supreme Court will be followed. *French* v. *Barber Asphalt Co.*, 181 U. S. 328; *Gilman* v. *Sheboygan*, 2 Black. 510; *Whitman Co.* v. *Buffalo*, 118 Fed. Rep. 773; *Gallup* v. *Schmidt*, 183 U. S. 306, 307.

This court will not again consider a question it has directly and specifically decided. *Swope* v. *Lefingwell*, 15 Otto, 3; *Foster* v. *Kansas*, 112 U. S. 201.

The procedure of the trustees cannot render the statute unconstitutional. *Cummings* v. *Bank*, 101 U. S. 153.

The decision of the state court rests on a ground of estoppel or waiver of rights which is broad enough to support the decision, hence a Federal question, if raised, will not be considered. *Schaeffer* v. *Werling, supra; Gillis* v. *Stinchfield*, 159 U. S. 658; *Pittsburg, etc., Co.* v. *Cleveland, etc., Co.*, 178 U. S. 280; *Peirce* v. *Somerset Ry. Co.*, 171 U. S. 641, 648.

The decision of the state court holds that plaintiff in error had a remedy under the laws of the State and failed to invoke the same. *Smith* v. *Shank*, 61 N. E. Rep. 932.

In Indiana a remedy by injunction exists to prevent any action by interested trustees. *Board* v. *Justice*, 133 Indiana, 95.

A petition for injunction before action is an adequate and direct remedy. A defence of the character here made after judgment or assessment is a collateral attack. *Jackson* v. *Smith*, 120 Indiana, 521; *Johnson* v. *State*, 116 Indiana, 375; *Kiphart* v. *R. R. Co.*, 7 Ind. App. 124; *Jackson* v. *State*, 104 Indiana, 516.

The state court construes such a judgment to be voidable only. *Board* v. *Justice, supra.*

No Federal question is involved in the construction by the state court of a state judgment. *Newport Co.* v. *Newport*, 151 U. S. 527.

The rule that objection to the competency of an officer to pass on a question of a judicial nature must be made at the earliest opportunity or is waived, is a matter of state practice and local law, and as such does not infringe any right under the Federal Constitution. *Dreyer* v. *Illinois*, 187 U. S. 71.

This is an established rule of practice in Indiana. *Baldwin* v. *Runyon*, 8 Ind. App. 348; *Bradley* y. *Frankfort*, 99 Indiana, 417, and cases cited therein.

If it be found that the state court opinion does not cover the matter of alleged incompetency of trustees, then the court did not decide this question and committed no error. *Schaeffer* v. *Werling, supra; Detroit Ry. Co.* v. *Guthard*, 114 U. S. 133.

This court has held that, under the circumstances shown of record here, an injunction is an adequate remedy and that a constitutional right may be waived by not resorting to a remedy in equity. *Cummings* v. *Bank*, 101 U. S. 153; *Wight* v. *Dwiggins*, 181 U. S. 371.

MR. JUSTICE PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.

The Supreme Court of the State of Indiana has held the statute to be constitutional under which this lien was established and judgment entered for its foreclosure. That court has held that under the state constitution an assessment arbitrarily by the front foot is unconstitutional, but that the statute in question provides only a rule of *prima facie* assessment by the front foot, and that such assessments are subject to review and alteration by the common council or board of trustees upon the basis of special benefits received from the improvement, and the common council and board of trustees not only have the power, but it is their imperative duty to adjust an assessment to conform to the actual special benefits accruing to each of the abutting property owners. *Adams* v. *City of Shelbyville*, 154 Indiana, 467; *Schaeffer* v. *Werling*, 156 Indiana, 704; *Martin* v. *Wills*, 60 N. E. Rep. 1021; *Leeds* v.

*De Frees,* 61 N. E. Rep. 930; *Shank* v. *Smith,* 61 N. E. Rep. 932.

*Schaeffer* v. *Werling, supra,* has been affirmed upon writ of error by this court, 188 U. S. 516, where it was held that the statute in question was not in conflict with the Constitution of the United States, and the principle was reiterated in that case that the construction placed by the highest court of a State upon a statute providing for paving the streets and distributing the assessment therefor was conclusive upon this court. See also *Merchants & Manufacturers' Bank* v. *Pennsylvania,* 167 U. S. 461.

The amount of benefits resulting from the improvement is a question of fact, and a hearing upon it being assumed, the decision of the board is final. No constitutional question of a Federal nature arises therefrom.

If the board of trustees refuse to hear the owners of property abutting the street improvement, in regard to the subject of benefits, and arbitrarily proceed to levy the assessment solely according to the front foot, the Supreme Court of Indiana has held that such lot owner was not without remedy, and that he could by mandamus or injunction compel a hearing as to the amount of the assessment upon each lot, or prevent the approval of the engineer's report until such hearing had been accorded, and that the lot owner could not waive such a remedy and make the denial of a hearing available as a defence in an action to collect the assessment. *Shank* v. *Smith, supra.* Under the cases above cited this court follows the decision of the Supreme Court of Indiana upon this question of remedy. The claim set up on the part of the lot owner, that there can be no due process of law under which an assessment can be made which does not provide for a review of such assessment and a hearing by a court, is not tenable. Assuming the necessity of a hearing before an assessment can be made conclusive, the law may provide for that hearing by the body which levies the assessment, and after such hearing may make the decision of that body conclusive. Although in imposing such

assessments the common council or board of trustees may be acting somewhat in a judicial character, yet the foundation of the right to assess exists in the taxing power, and it is not necessary that in imposing an assessment there shall be a hearing before a court provided by the law in order to give validity to such assessment. Due process of law is afforded where there is opportunity to be heard before the body which is to make the assessment, and the legislature of a State may provide that such hearing shall be conclusive so far as the Federal Constitution is concerned.

In *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112, 168, it was said that—

"Due process of law is not violated, and the equal protection of the laws is given, when the ordinary course is pursued in such proceedings for the assessment and collection of taxes that has been customarily followed in the State, and where the party who may subsequently be charged in his property has had a hearing, or an opportunity for one provided by the statute."

And it was also said in that case that whether a review is or is not given upon any of these questions of fact, (that is, as to benefits and the amounts of the assessments,) was a mere question of legislative discretion, so long as the tribunal created by the State had power to decide them, and the opportunity for a hearing was given by the act, and that it was not constitutionally necessary in such case to give a rehearing or an appeal.

In *Spring Valley Water Works* v. *Schottler*, 110 U. S. 347, where the law provided for the fixing of water rates by a board of supervisors after a hearing, and without any right of review by any court, it was stated (at page 354) by Mr. Chief Justice Waite, giving the opinion of the court:

"Like every other tribunal established by the legislature for such a purpose, their duties are judicial in their nature, and they are bound in morals and in law to exercise an honest judgment as to all matters submitted for their official deter-

mination. It is not to be presumed that they will act otherwise than according to this rule." See *Spencer* v. *Merchant*, 125 U. S. 345.

The sole remaining question arises upon the allegations contained in the answer and cross complaint, that all the members of the board of trustees were residents of the town and taxpayers therein, and that two members of the board were owners of lots abutting upon the improvement, and assessed therefor at the same rate as the others.

The objection to the tribunal constituted by the legislature of Indiana, which the plaintiff in error makes in this particular instance, is that it results in making a person a judge in his own case, and that hence any judgment of a tribunal thus constituted is absolutely void, and may be attacked, as it is attacked in this case, collaterally. It is said that to impose an assessment, which is the same as a judgment under such circumstances is to take the lot owner's property without due process of law, and violates thereby the Federal Constitution. We think the first objection, that all of the members of the board of trustees were residents of and taxpayers in the town, is wholly unimportant. We have not the slightest doubt of the power of a legislature of a State, unless hampered by some special constitutional provision, to create a tribunal in a city or town, such as the common council or board of trustees, to make an assessment, and that such assessment would be valid, notwithstanding the fact that every member of the board was a taxpayer of the city or the town. It is a matter of legislative discretion as to how such a board shall be constituted, and we hazard nothing in saying that it is quite common throughout the country for the legislatures of the States to create a tribunal for levying assessments for local improvements in a manner precisely like the case in question. It is not at all analogous, even in principle, to a judge of a court acting in a case in which he is personally interested.

To say that no one who was a taxpayer in a city or town could act in imposing an assessment upon property therein is

to say that the legislature is wholly without power, by reason of the Federal Constitution, to constitute a tribunal to make an assessment where such tribunal is composed of taxpayers in the city or town. This we do not believe. It must frequently happen that a board of assessors for a city, to assess all property for general taxation, will be composed of men who themselves own property in the city and assess the same for purposes of such taxation. Can there be any doubt of the validity of the general assessments under such circumstances? And would not the assessment for taxation of the property of the individual members of the board of assessors, made by the board, be valid if authorized by the statute? See *Brown* v. *Massachusetts*, 144 U. S. 573, citing 147 Massachusetts, 585, 591; 150 Massachusetts, 334, 343.

Then as to the averment that there were two members of the board who were owners of lots abutting upon the improvement and were assessed therefor at the same rate as other lot owners. Although it might have been more seemly for those two members, if they recollected the fact of such ownership, to have refused to act in the matter, yet there is nothing to show that their attention was called to the fact, nor does it appear that any objection was made by plaintiff in error or any one else to their acting, nor that the plaintiff in error was ignorant of their interest at the time when the proceedings were commenced. The state court has held that an assessment for improvements under this statute of Indiana is in the nature of a judgment, and the fact that members of the board who levied the assessment owned property, as stated, would not render the judgment void, but at most, voidable, and that it could not be attacked collaterally. The cases of *Bradley* v. *City of Frankfort*, 99 Indiana, 417; *Jackson* v. *Smith*, 120 Indiana, 520, and *Board of Commissioners* v. *Justice et al.*, 133 Indiana, 89, are referred to.

Whether a judgment obtained in a case like this, where two members of a general board created by statute for the purpose of making it, had some interest in some of the property subject

to the assessment, was a void or voidable judgment, is a proper question for the state court to decide. A state court has the right to place its own construction upon its own judgments, and where, as in a case like this, it holds that the judgment is not void and that it cannot be attacked collaterally, we ought to follow that determination. *Newport Light Co.* v. *Newport,* 151 U. S. 527, 539.

In *Lent* v. *Tillson,* 140 U. S. 316, which was an assessment case, it was stated by Mr. Justice Harlan, in delivering the opinion of the court, (p. 333) as follows:

"Other objections have been urged by the plaintiffs which we do not deem it necessary to consider. For instance, it is said that the mayor of the city of San Francisco, one of the Board of Commissioners, was himself the owner of a lot on Dupont street, and, for that reason, was incompetent to act as one of the board of street commissioners. . . . In respect to all these and like objections, it is sufficient to say that they do not necessarily involve any question of a Federal nature, and so far as this court is concerned, are concluded by the decision of the Supreme Court of California."

The provisions of the Fourteenth Amendment do not cover such an objection as is now under consideration. The general system of procedure for the levying and collection of taxes which is established in this country is, within the meaning of the Constitution, due process of law. *Kelly* v. *Pittsburgh,* 104 U. S. 78. A provision made by the legislature of a State in relation to the manner of levying an assessment for a local improvement is within this principle a proceeding for the levying and collection of taxes, and unless it be in violation of some particular provision of the Federal Constitution, it will be upheld in this court. The Fourteenth Amendment, it has been held, legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation, affecting life, liberty and property, as is offered by the Fifth Amendment against similar legislation by Congress; but that the Federal courts ought not to interfere when what

is complained of amounts to the enforcement of the laws of a State applicable to all persons in like circumstances and conditions, and that the Federal courts should not interfere unless there is some abuse of law amounting to confiscation of property or a deprivation of personal rights, such as existed in the case of *Norwood* v. *Baker*, 172 U. S. 269.

These principles have been reiterated in a series of cases reported in 181 U. S., commencing with *French* v. *Barber Asphalt Paving Co.*, at page 324 of that volume.

The facts contained in the objection now under discussion do not, in our judgment, constitute any violation of the Federal Constitution or result in the taking of the property of the plaintiff in error without due process of law, as that term is understood, when used in the Constitution of the United States. We see no error in the record in this case which we can review, and the judgment of the Supreme Court of Indiana is

*Affirmed.*

MR. JUSTICE WHITE concurred in the result.