## DAWSON ET AL. *v.* HIPSKIND ET AL.

[No. 21,384. Filed November 23, 1909.]

1. PLEADING.—*Complaint.—Municipal Corporations.—Street Assessment Liens.—Foreclosure.*—Under §8714 Burns 1908, Acts 1905, p. 219, §109, a complaint for the foreclosure of a street assessment lien stating the day on which the contract for the street improvement was finally let, the name of the street improved, the amount and date of the assessment, the nonpayment of the assessment, and a description of the lot upon which the assessment was levied, is sufficient. p. 219.

2. CONSTITUTIONAL LAW.— *Confiscation.— Street Improvements.*— Sections 8959, 8711, 8714 Burns 1908, Acts 1905, p. 219, §§265, 108, 109, providing for the improvement of streets and for the payment therefor, do not permit the taking of property without compensation. p. 220.

3. CONSTITUTIONAL LAW.— *Street Assessments.— Conclusive Adjudication by Council.*—Section 8714 Burns 1908, Acts 1905, p. 219, §109, providing that special benefits in a street improvement proceeding shall be conclusively determined by the common council, is not unconstitutional on the ground that it provides for the taking of property without due process of law, and that it denies to property owners the right to contest, in the courts, the lien for such improvements. p. 221.

4. CONSTITUTIONAL LAW.—*Due Process.—When Afforded.*—Where the legislature has provided for a board to make assessments for street improvements, and has afforded the interested persons a hearing before such board, such persons may not complain for a lack of due process of law. p. 223.

5. PLEADING.— *Answer.— Municipal Corporations.— Street Assessments.—Defenses.*—In a suit to foreclose a street assessment lien, an answer setting out, among other things, the acceptance of the improvement by the city council, is bad, such acceptance, in the absence of fraud, being conclusive as to the work done and materials used. p. 223.

6. PLEADING.—*Answer.—Fraud.—Epithets.*—An answer that there was fraud and collusion between the council and contractors in accepting street improvements, is bad, the facts being required. p. 225.

7. DAMAGES.—*Street Assessment Liens.*—*Counterclaim.*—*Failure of Street Improvement Contractor to Fulfil Contract.*—The failure of a street improvement contractor to perform his contract, where the council has accepted the work, gives no right to an assessed property owner for a counterclaim for damages, in a suit to foreclose the street improvement lien. p. 225.

From Jay Circuit Court; *John F. LaFolette,* Judge.

Suit by Philip Hipskind and others against James A. Dawson and others. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*Smith & Moran,* for appellants.
*Herman Hipskind* and *S. A. D. Whipple,* for appellees.

JORDAN, J.—This was a suit by appellees against appellants to foreclose a lien arising out of an assessment made against appellants' property for the improvement of a certain public street in the city of Portland, Jay county, Indiana, a city of the fifth class. Appellants are property owners, against whom benefits were assessed on account of the improvement of said street, and appellees are contractors, to whom the contract for performing the work of improving the street was let by the common council of said city. The improvement of the street was made under and in pursuance of the provisions of an act of the legislature entitled "An act concerning municipal corporations," approved March 6, 1905 (Acts 1905, p. 219, §3767 *et seq.* Burns 1905). This act is commonly known as the one pertaining to incorporated towns and cities.

The complaint, among other things, sets out certain facts showing the adoption of an improvement ordinance by the common council of the city of Portland, and alleges various steps which were taken in the proceeding in relation to said street improvement, including the letting of the contract for the improvement and the date thereof, and shows the name of the street improved. The complaint fully discloses that the city civil engineer reported a preliminary assessment made against the property af-

fected by the improvement, and gives the amount and date of the assessment. It is alleged that the report of the engineer was accepted by the common council, and October 17, 1907, was fixed as the date for hearing any and all objections to this report; that after giving notice of the time and place for hearing objections to the report, a hearing was had therein, and the common council accepted, ratified and confirmed said preliminary report and made the same the final assessment roll for the improvement of said street; that said assessment roll, as modified, adopted and confirmed by the council, contained assessments as special benefits as a part of the cost of the improvement. A description is given of the real property of each of the defendants, and the amount of the assessment levied respectively against each lot or parcel of land owned and held by each of the defendants in this suit. It is further alleged that each of the defendants, whose lands are described in the complaint, has failed and refused to file a waiver of the irregularities, etc. It is shown that the assessments are due and unpaid.

Each defendant separately demurred to the complaint for want of facts. The demurrers were overruled, and thereupon each filed an answer and a counterclaim. To each of these pleadings plaintiff successfully demurred for insufficiency of facts. Defendants refused to plead further, and elected to stand upon the demurrers. Thereupon the court rendered judgment against them upon their answers and counterclaims, and, after hearing the evidence, the court rendered judgment in favor of plaintiffs, in the sum of $277.09, and decreed a foreclosure of the lien. From this decree appellants appeal, and have assigned as errors the overruling of the demurrers to the complaint, the rulings of the court in sustaining the demurrers to the amended paragraph of the answers, and in sustaining the demurrers to the counterclaims or cross-complaints.

Counsel for appellants claim that the complaint is insufficient on demurrer, for the following reasons: (1) That it does not aver that appellants were the owners of the property abutting on said street; (2) it does not set out the proceedings of the council as to each step taken therein; (3) that it does not, in express terms, aver that after the acceptance of the work and allowance of final estimates the council delivered a certified copy of the assessment roll to the treasurer; (4) because it fails to aver that due notice was given for two weeks before the adoption of the necessity resolution; (5) that sections 108, 109 and 265 of the act of 1905 (Acts 1905, p. 219, §§8711, 8714, 8959 Burns 1908) are unconstitutional and void as being in conflict with article 1, §21, of the Constitution of Indiana, which provides that "no man's property shall be taken by law without just compensation;" (6) that §8714, *supra*, is unconstitutional, for the further reason that it is in conflict with article 1, §12, of the Constitution of Indiana, which provides that "all courts shall be open; and every man, for injury done him in his person, property or reputation shall have remedy by due process of law;" (7) that said section is also in conflict with the 14th amendment to the federal Constitution, because it denies the citizen the right to contest a lien on his property in the courts of the State. Other objections are urged, but we do not deem it necessary that they be set out, because, under §8714, *supra*, the complaint is not open to the objections urged against its insufficiency upon demurrer. By the provisions of §8714, *supra*, in an action to foreclose a street improvement lien arising out of proceedings had under said act, the plaintiff is very materially relieved of the burden which, under former statutes of a similar import, rested upon him, whereby he was required to disclose in his complaint all the material steps taken in respect to the street improvement in controversy. Said section, among other things, provides that "foreclosure suits may be instituted for

the enforcement of assessments and liens as herein provided by the holder of any bonds or coupons in cases where bonds are issued in anticipation of the collection of assessments against a party or parties in default, for the collection of such bonds or coupons and the enforcement of the lien or assessment securing the same, as well as by any contractor or his assignee where no bonds are issued. In such foreclosure suits no defense shall be allowed upon any irregularity in the proceedings of making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made. A property owner who has not, or property owners who have not, signed a waiver, or exercised or claimed the option to pay in instalments may, however, contest the amount of his or their assessments: Provided, that the question of special benefits shall be deemed conclusively determined by and in the proceedings before the board of public works as in this act elsewhere prescribed. * * * It shall not be necessary in any such foreclosure suit or suits to set forth or refer to the proceedings at length or specifically, but it shall be sufficient to state in such complaint the day on which the contract was finally let, the name of the street or highway improved, the amount and date of the assessment, that the assessment is unpaid, and a description of the lot or property upon which the assessment was levied.'' The complaint in this case complies with these provisions of said section, and cannot be said to be susceptible to the objections urged against its sufficiency.

We are unadvised by counsel for appellants in what manner §§8711, 8714, 8959, *supra,* operate to permit property of a person to be taken without just compensation, in violation of article 1, §21, of the state Constitution.

It is next contended that the provisions of §8714, *supra,* whereby it is declared that the question of special benefits shall be deemed to be conclusively determined in the pro-

ceedings before the board of public works as in this
act prescribed, is unconstitutional, because it denies
the property owner the right to contest a lien upon
his property in the courts of this State. This argument is
manifestly without merit. An examination of the statute in
question discloses that by §8959, *supra,* it is provided that
"whenever the common council of any city of the fifth
class or the board of trustees of any incorporated town de-
sires the improvement of any street, alley, sidewalk or other
public place, * * * where the cost of the same or any
part thereof is to be assessed as special benefits to the abut-
ting or adjacent property, as herein provided, it shall order
the same by the adoption of a resolution declaring such im-
provement to be necessary * * * and shall fix by said
resolution a time and place when and where all persons
whose property may be affected by such proposed improve-
ment may be heard as to the necessity for the same. Notice
of the time and place of hearing such resolution shall be
given by two weekly publications, in a newspaper of gen-
eral circulation, published in such city or town: * * *
Such common council or board of trusteees shall meet at
the time and place set forth in such notice and shall hear
any and all persons who desire to be heard in person, or by
attorney, whose property may be affected by the proposed
improvement; and upon such hearing such resolution may
be confirmed, modified, changed, altered or rescinded," etc.

By section 111 of the act of 1905 (Acts 1905, p. 219,
§8716 Burns 1908) it is provided, among other things, that
the board of public works (common council), in making
assessments against each lot or parcel of land, shall, as soon
as any contract for the improvement of any street or alley
has been completed, cause to be made an assessment roll,
which shall give the names of property holders and a de-
scription of the property abutting on and adjacent to the
improvement which is liable to assessment under other sec-
tions of the act, which shall also give the total assessment

against each piece of property. This section further pro-
vides for notice of a time and place thereafter when said
board or common council will hear remonstrances against
the amounts assessed as shown in said assessment roll, and
determine the question as to whether such lots or tracts of
land have been, or will be benefited by the improvement in
the amounts named on said roll, or in a greater or less sum
named on said roll, at which place and time all owners of
such real property may attend and be heard. After such
hearing the board is required either to sustain or modify, in
whole or in part, the *prima facie* assessments as indicated
on said roll, either by confirming the same against any or all
lots or tracts of land described in said roll, or by increasing
or reducing the same according to the special benefits which
said board or common council decides each lot or tract of
land has received, or will receive, on account of such im-
provement. It is further provided that the decision of the
board or council, as the case may be, as to all such benefits,
shall be final and conclusive, provided that the property
owner aggrieved by the decision of the board or council,
may, by his petition to the circuit or superior court of the
county, secure the appointment by such court of three dis-
interested freeholders to reassess such benefits, etc.

By §8714, *supra,* a property owner who has not signed a
waiver is given the right, in a suit to foreclose the statutory
lien, to contest the amount of his assessment, but is denied
the right in such an action to controvert the question of
special benefits, for the reason, undoubtedly, that he has,
under the statute, been accorded the right to question such
special benefits before the board of public works or the com-
mon council, as the case may be. Certainly, in view of the
provisions of this act, it is untenable to assert, as do appel-
lants, that a property owner has not been given "his day in
court" for the determination of the question in respect to
the special benefits to his property arising out of a street im-
provement, for it will be noted that provisions are made for

Dawson *v.* Hipskind—173 Ind. 216.

duly notifying a property owner of the probable or proposed assessment against his property, and he is, under the provisions of the law, accorded a hearing before the common council, a tribunal which the legislature had the right and power to prescribe for that purpose, and one which, under this statute, is empowered to award adequate relief to the complaining owner in regard to the special assessment made against his property. Under these circumstances he is not in a position successfully to complain that he has been deprived of his property without due process of law. *Kizer* v. *Town of Winchester* (1895), 141 Ind. 694, and cases cited; *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484; *Martin* v. *Wills* (1901), 157 Ind. 153; *Leeds* v. *Defrees* (1901), 157 Ind. 392; *Shank* v. *Smith* (1901), 157 Ind. 401; *Hibben* v. *Smith* (1902), 158 Ind. 206; *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195.

The legislature, having lodged in the board of public works or the common council, the power to hear and determine the question in respect to special benefits, had

4. the authority to provide that the decision by that body should be conclusive. Where there is an opportunity under the law to be heard before the body which makes the assessments, due process of law is afforded the property owner, and the legislature may provide that such hearing shall be conclusive, and such provision neither violates the federal nor the state Constitution. *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; *Kizer* v. *Town of Winchester, supra; City of Fort Wayne* v. *Cody* (1873), 43 Ind. 197; *Anderson* v. *Baker* (1884), 98 Ind. 587.

The answer of appellants, to which the demurrer was sustained, alleged, in substance, the adoption of the necessity ordinance for the improvement of Main street, from

5. the east side of Corn alley to the east side of Grand street, in the city of Portland, by grading and paving

the same with brick, according to the profile and specifications adopted by said council for such improvement; the giving of the notice of the adoption of said resolution, the time fixed for hearing all objections, and further showed that, after notice had been given, a contract for making the improvement was let to the appellees herein; the giving of a bond by the contractor, and that the contract provided that the work should be done and performed in a good and workmanlike manner, and that the street should be built and constructed under the plans and specifications as prepared by said civil engineer. The answer further averred that the street was to be graded, made level and smooth; that it was to be rolled by a ten-ton steam roller, and the spongy places in the grade were to be removed and replaced with dry dirt and rolled with a steam roller, etc. It is then alleged that appellees did not perform and keep the conditions and agreement as provided in their contract, setting out wherein they failed; that appellees and the members of the council, together with the city engineer, fraudulently colluded together to accept such work as constructed by appellees for the purpose of cheating and defrauding the answering defendants, and each of them, etc.

Under the counterclaim appellants alleged facts concerning the performance of the work; that it was not performed according to the contract; that there was fraud and collusion in the acceptance of the same between the contractors and the council; that each defendant and cross-complainant was damaged in the sum of $300 and each demanded that that amount be credited upon his assessment, etc.

It is manifest that the answers of appellants are insufficient in facts to constitute a defense to the action. The acceptance, after its completion, of the improvement by the common council in the manner prescribed by the statute, was conclusive upon the property owners so far as the character of the work done and materials used were concerned. In

such cases as this, in the absence of fraud, the property owner cannot be heard to say, by way of defense to a suit to enforce the assessment against his property, that the work was not done according to contract. *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481, and authorities cited.

There are no facts alleged in the answer which can be regarded as establishing fraud upon the part of the common council and the civil engineer. For the purpose of showing fraud, however, the pleader has resorted, not 6. to facts, but has employed epithets and mere conclusions. Facts constituting fraud in a particular case must be set out in the pleading. Epithets and conclusions will not suffice. The demurrer to the answer was properly sustained. *Stroup* v. *Stroup* (1895), 140 Ind. 179, 27 L. R. A. 523; *Burden* v. *Burden* (1895), 141 Ind. 471; *Lux, etc., Stone Co.* v. *Donaldson, supra,* and authorities cited. In this latter case it is said: "There is no statement of any fact or facts constituting fraud on the part of the common council in adopting said report and accepting the work. The averment that the appellant combined and colluded with the city civil engineer and certain influential members of the common council amounts to nothing. It is not a charge of fraud. It states no facts constituting fraud. It adds nothing to the defense. Like the confederacy clause in an ancient bill in equity, it may be omitted without impairing the pleading."

Appellants insist that under the facts alleged in their counterclaim they were entitled to recoup their alleged damages against the assessments levied upon their property. This contention is wholly untenable. Under 7. the law their counterclaim was unwarranted. The facts therein alleged in no sense could be said to constitute a right of action against appellees in their favor. If they sustained damages, as they claim, nevertheless they were not entitled to set off such damages in this action against the

benefits assessed for the street improvement.  *Laverty* v. *State, ex rel.* (1887), 109 Ind. 217; *Lux, etc., Stone Co.* v. *Donaldson, supra.*

We have examined all the questions presented by the record, but find no error. The judgment is therefore affirmed.