SIEGEL *v.* HOLLAND.

(*Nashville,* December Term, 1936.)

Opinion filed March 27, 1937.

328

PITTS, McCONNICO, HATCHER & WALLER, of Nashville, for appellant.

RAY STUART, of Dickson, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Upon being cited to appear before the county trustee for back assessment on omitted property, Siegel filed the

bill herein to enjoin the trustee from proceeding. The citation was substantially in the form prescribed by Code, section 1500, and was as follows:

"State of Tennessee, Dickson County.

"To Henry I. Siegel Company, Dickson, Tennessee.

"Proper motion having been made before me by D. R. Stuart, Attorney for Dickson County, Tennessee, under provisions of the code, you are hereby cited to appear before me, R. M. Holland, Trustee, of Dickson County, Tennessee, at my office in the Courthouse in Charlotte, Tennessee, on the 27th day of November, 1936, at 9:00 o'clock a. m. for the purpose of being back-assessed on omitted personal property owned by you in Dickson County, Tennessee, for the years 1934, 1935 and 1936, and show cause, if any, why said property should not be back assessed at its actual cash value.

"R. M. HOLLAND, Trustee of
Dickson County, Tennessee."

The chancellor sustained a motion to dissolve a temporary injunction and dismissed the bill. The motion to dissolve was on these grounds:

"1st. Because the bill shows on its face that it seeks to prohibit the lawful assessment and collection of lawful taxes due the State and its subdivision.

"2nd. Because the bill does not state or allege any equitable grounds for extra-ordinary relief.

"3rd. Because the Court has no jurisdiction in this cause to grant such extraordinary relief."

The relief sought was on four grounds: (1) That the notice conveyed by the citation was insufficient in failing to describe the omitted property; (2) that the proceeding, presumably brought under Code, section 1499, was in violation of complainant's constitutional

rights under the ''due process'' provisions, in that no right of trial by an impartial tribunal was provided, it being said that the trustee being entitled to fees on the collection was incompetent to act in the contemplated hearing before him and that there was no appeal from his judgment with a trial *de novo;* (3) that complainant being a manufacturer of goods made from cotton, his property was exempt, under section 30, article 2, of our Constitution; and (4) that it was proposed to single him out for taxation, others in like situation having been systematically omitted.

The questions made as to the sufficiency of the notice and the disqualification of the trustee are ruled against complainant in the case of *Tennessee Fertilizer Co.* v. *McFall,* 128 Tenn., 645, 163 S. W., 806. In view of what is said in that case as to the sufficiency of the notice, it is not necessary now to do more than refer thereto.

Learned counsel ask that that case be now over-ruled as inconsistent with expressions in the opinion in the earlier case of *In re Cameron,* 126 Tenn., 614, 151 S. W., 64, and, also, it is sought to distinguish the instant case because the governing law, as brought into the Code of 1932, does not provide, as was formerly the case, for an appeal to the Board of Equalization, with an opportunity for a hearing there *de novo.* Attention is called to expressions in the opinion in the *Fertilizer Company Case* which appear to rest the conclusion in part upon this provision of the law as it then stood.

In the opinion in that case, after rejecting the contention that the trustee was disqualified by reason of his interest in the fees, on the authority of *Hibben* v. *Smith,* 191 U. S., 310, 24 S. Ct., 88, 48 L. Ed., 195, and *Grundy County* v. *Tennessee Coal, etc., Co.,* 94 Tenn., 295, 29 S.

W., 116, it was, by way of "further answer" said that an appeal was provided by which "at some stage of the proceedings" the taxpayer might be heard before an impartial tribunal.

Now even if it should be conceded that this "further answer" was a controlling, rather than a cumulative ground, or basis, for the holding in that case, the contention now made cannot prevail.

It is argued that under the law as it stood prior to the Code the provision for appeal was as follows (Pub. Acts 1907, c. 602, sec. 37, par. 11):

"Said State Board of Equalization shall also hear appeals upon matters of back or reassessments made by revenue agents or other officers of the State from County Trustees or County Court Clerks. The right of appeal from the decision of said Trustees or County Court Clerks in the matter of back or reassessments is hereby given to the State and county or party assessed or reassessed; Provided, said appeal is prosecuted within ten days from the date of such back or reassessment or attempt to back or reassess, and the Trustee or County Court Clerk shall, upon such appeal being perfected, certify his action to the State Board of Equalizers, whose duty it shall be to hear the matter in controversy within ten days from the filing with them or either of them the notice of appeal; Provided, said Board is then in session."

It is conceded that a substantially similar provision is found in section 1470 of the Code of 1932, but appellant stresses that a paragraph has been added which limits the right to a hearing on the appeal to a hearing "on the record" as made up by the interested trustee, and results in depriving the taxpayer of a constitutional-

ly effective hearing "at any stage of the proceedings." This added paragraph reads:

"When such appeal is perfected said trustee or county court clerk shall immediately certify his action to said state board, whose duty it shall be to hear the matter in controversy within ten days from the filing of the notice of appeal, or as soon thereafter as practicable. All testimony in such cases shall be taken or filed before the trustee or county court clerk and shall be sent up with the record to said state board of equalization for final action thereon on the record as thus made up. The action of the state board thereon shall be final and conclusive."

We do not agree to the insistence made. The statute contemplates a full and complete hearing by the Board of Equalization on the law and the facts of the case. The hearing is as complete as that before a chancellor on depositions. Every opportunity is afforded the taxpayer to present to and file with the trustee any and all evidence that he may desire. We are unable to see that the procedural provision that the evidence shall be first filed with the trustee and by him transmitted to the Board of Equalization in any sense or degree deprives the taxpayer of a full and fair hearing before the board of the issues involved. That oral evidence before the board is not provided for in no way cuts off the taxpayer from having his contentions as to valuation, or otherwise, heard by the board. Any arbitrary denial by the trustee of the taxpayer's right to file with him for the record to be sent up such evidence as he may offer, would be subject to review and correction by the board, sitting as a court. It is, of course, not an essential of a hearing *de novo* that oral testimony shall be presented on such hearing.

██ The next point relied on by appellant is that his property is exempt because "manufactured of the produce of the State." The citation gives no notice of an intention to assess such exempt property and it does not appear that the trustee has such intention and no such presumption can be entertained. If it should appear on the hearing that all, or any part, of appellant's property is so exempt, this fact can be shown, and the presumption is that no assessment will be made thereon. In any event, this question can be brought up on appeal before the Board of Equalization. It is prematurely made here.

██ Finally, it is said that other manufacturers located in Dickson county have been heretofore purposely omitted, along with appellant, and that he is now being discriminated against in the institution of this proceeding. We think it obvious that this alleged failure of the taxing officers to perform their duty in this regard in the past, or as to others, can afford appellant no ground for an injunction restraining this trustee from proceeding as the law and his oath of office requires. Cases relied on dealing with systematic inequality in the assessment of like classes of property are not in point here, where we have a case in which no assessment at all has been made. But, in any event, all questions of inequality are for the Board of Equalization, and plainly an injunction will not lie to restrain the making of any assessment at all in advance of a hearing before that board.

A declaration is prayed for, but we think what has been said in construction of the code provisions involved renders any further or more declaration unnecessary.

The decree is affirmed.