DENNIS, Circuit Judge,
dissenting in . part:
A governmental seizure of a person’s property implicates two explicit textual sources of constitutional protection, the Fourth and Fifth Amendments. United States v. James Daniel Good Real Property, 510 U.S. 43, 49-50, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); Soldal v. Cook County, 506 U.S. 56, 61, 70-71, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). Although the decision in James Daniel Good Real Property was based upon the procedural protections of the Fifth Amendment’s Due Process Clause, the similarly worded procedural protections of the Fourteenth Amendment’s Due Process Clause apply with equal force to states and municipalities.[1]
*613 The City does not, and could not, dispute that the seizure and destruction of the plaintiffs’ real property deprived them of property interests protected by the Fifth and Fourteenth Amendments’ Due Process Clauses. The City argues, however, that a hearing before a panel of the City’s own Urban Rehabilitation Standards Board afforded the plaintiffs all the process they were due before their property was seized and destroyed. Although the majority agrees, I believe that in the absence of an extraordinary situation, which did not exist in the present case, the Due Process Clauses require that, before a person is deprived of his real property by the government, he must be given notice and an opportunity for a meaningful hearing before a neutral magistrate, and that there must be a judicial determination that the seizure is justified.
Where the government seizes property not to preserve evidence of criminal wrongdoing but to assert ownership and control over the property, its action must also comply with the procedural protections of the Due Process Clauses of the Fifth and Fourteenth Amendments. See United States v. James Daniel Good Real Property, 510 U.S. 43, 49-50, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), and footnote 1, supra. The Supreme Court’s precedents establish the general rule that Due Process requires that, absent an extraordinary situation, a party cannot invoke the power of the state to seize a person’s property without a prior judicial determination that the seizure is justified. United States v. $8,850, 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (citing Boddie v. Connecticut, 401 U.S. 371, 378-379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). See also North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1974). Cf. Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). Due Process also requires that individuals must receive notice and an opportunity to be heard before the government deprives them of property. James Daniel Good Real Property, 510 U.S. at 48, 114 S.Ct. 492 (citing United States v. $8,850, supra; Fuentes v. Shevin, supra; Sniadach v. Family Finance Corp., 395 U.S. at 342, 89 S.Ct. 1820 (Harlan, J., concurring); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
In United States v. James Daniel Good Real Property, supra, the Supreme Court held that, in the absence of exigent circumstances, the Due Process Clause requires the government to afford notice and a meaningful opportunity to be heard in an adversary hearing, to ensure the requisite neutrality that must inform governmental decisionmaking, before seizing real property subject to civil forfeiture. Id. at 48, 53-56, 114 S.Ct. 492. The protection of an adversary hearing before a neutral magistrate is of particular importance where the government has a direct pecuniary interest in the outcome of the proceeding. Id. at 55-56, 114 S.Ct. 492. In James Daniel Good Real Property, the Supreme Court emphasized that “[t]he constitutional limitations we enforce in this case apply to real property in general, not simply to residences.” Id. at 61,114 S.Ct. 492.
Accordingly, the Due Process requirements of notice, a meaningful adversary hearing before a neutral magistrate, and a judicial determination of justification must be afforded to a person before his real property is seized and destroyed in order to abate or rehabilitate an “urban nuisance.” In a case such as the present one, there is need for equally rigorous adherence to the principles of Due Process as in civil forfeitures of real property. The City of Dallas has pecuniary interests in the outcome of such proceedings, e.g., justify *614 tion for federal and state urban renewal grants; enhancement of the municipal tax base by promoting the replacement of old buildings with new ones. The need for safeguards against arbitrary, capricious or unreasonable seizures based on subjective standards may be even greater in “urban nuisance” or “urban rehabilitation” cases. Moreover, a post-seizure hearing cannot provide any remedy in such cases because the destroyed property cannot be restored and the best evidence of whether the seizure was justified will have been demolished also. It is not necessary to accomplish the City’s legitimate goals of urban rehabilitation that an owner whose real property the City proposes to destroy be deprived of an opportunity for a meaningful pre-seizure adversary hearing before a neutral and impartial judge or magistrate. Requiring the city to postpone seizure and destruction until after such a hearing and judicial determination that the seizure is justified creates no significant administrative burden. And any harm that results from delay is minimal in comparison to the injury occasioned by the erroneous seizure and destruction of real property. Id. at 59,114 S.Ct. 492.

. The Supreme Court has held that the Fourteenth Amendment’s Due Process Clause "legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation, affecting life, liberty and property, as is offered by the Fifth Amendment against similar legislation by Congress.” Hibben v. Smith, 191 U.S. 310, 325, 24 S.Ct. 88, 48 L.Ed. 195 (1903). Of the guarantees of the Fifth Amendment, only the grand jury clause has been held not to be applicable to the states. 2 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law § 14.2, at 347-48 (2d ed. 1992) (citing Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884)). The Fifth Amendment prohibitions of compulsory self-incrimination and double jeopardy were made applicable to the states in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), respectively. In addition, although the Fifth Amendment's just compensation provision has not "technically” been incorporated against the states, "the Court has held that the fourteenth amendment due process guarantee provides the same safeguard against a state’s taking of property without just compensation.” Rotunda & Nowak, supra, § 14.2, at 350 (citing Chicago B. & Q. R. Co. v. Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897)). See also Hurtado v. California, 110 U.S. 516, 541, 4 S.Ct. 111, 28 L.Ed. 232 (1884) (Harlan, J., dissenting) ("[T]he 5th [amendment] provided that 'no person shall be deprived of life, liberty or property, without due process of law.' This language is similar to that of the clause of the 14th amendment now under examination. That similarity was not accidental, but evinces *613 a purpose to impose upon the States the same restrictions, in respect of proceedings involving life, liberty and property, which had been imposed upon the General Government.”).